THE STATE
v.
MURPHY.

*Friday,*
*November 26.*

---

THE STATE v. MURPHY.

Case 2.

Bees in the possession of the owner are the subject of larceny.

If on an indictment for stealing several articles of a certain value, there be a verdict of guilty, the judgment should not be arrested merely because the value of each article is not specified in the indictment.

And though according to the value of the articles, as alleged in such indictment, the offence charged be grand larceny, there may be a verdict against the defendant of guilty of petit larceny.

Nov. Term, 1847.

THE STATE v. MURPHY.

Friday, November 26.

ERROR to the *La Grange* Circuit Court.

BLACKFORD, J.—This was an indictment substantially as follows: The grand jurors, &c., present that *Joseph Murphy*, on, &c., at, &c., one bee-hive, one hundred pounds of honey, ten pounds of wax, and one swarm of bees, of the value of five dollars, of the personal goods of *Moses* |*S. Chapman* and *James Chapman*, then and there being found in the possession of the said *Moses S. Chapman* and *James Chapman*, feloniously did steal, take, and carry away, contrary to the form of the statute, &c. Plea, not guilty. Verdict as follows: " We, the jury, find the defendant guilty of petit larceny, and further find that he be confined in the county jail for the term of three months, and be disfranchised for the term of five years, and that he make his fine to the state of *Indiana* in the sum of five dollars." The Court, on the defendant's motion, arrested the judgment.

The indictment is not objectionable on account of the charge in it respecting the bees. They are not only alleged to be the goods of the *Chapmans*, but to have been in their possession when they were stolen. Bees are, no doubt, *feræ naturæ*, 2 Blacks. Comm. 392, 393, *Wallis* v. *Mease*, 3 Binn. 546; but when they are in the possession of any person they are the subject of larceny. Had the allegation been, that the bees had been hived by the owners and were in their possession, it would have been very clear that the objection that the bees are *feræ naturæ*, would have been unfounded. That allegation, however, does not differ, in substance, from the statement in the indictment before us, viz., that the bees were the goods and chattels of the *Chapmans*, being then and there found in their possession.

The circumstance, that the indictment does not state the value of each of the kinds of property alleged to have been stolen, was no reason, in this case, for arresting the judgment, though the want of such statement might have been a good ground for a motion, made in proper time, to quash the indictment.

It has been held by this Court that where, on such an indictment as the one before us, the defendant is found guilty of stealing all the things named, the judgment should not be arrested merely because the value of each article, alleged to

have been stolen, is not stated. *Clifton et al.* v. *The State*, 5 Blackf. 224. And that decision is sustained by 2 Hale's P. C. 183 and 3 Bac. Abr. 560.

We consider the verdict in the present case to mean, that the defendant was guilty of stealing all the things alleged in the indictment to have been stolen, but that the value of all of them was less than it was averred in the indictment to be, and that the offence was, therefore, not grand but petit larceny. The jury had a right so to reduce the offence. 1 Chitt. C. L. 638.

*Per Curiam.*—The arrest of judgment is reversed with costs. Cause remanded, &c.

*A. A. Hammond*, for the state.