Filed April 18, 1884.

───────◆───────

No. 11,068.

Mathis *v.* The State.

Criminal Law.—*Indictment.*—*Motion to Quash.*—*Plea in Abatement.*—Where the sufficiency of an indictment is questioned, upon grounds which are not apparent on the face of the record, the objection can not be taken advantage of by a motion to quash the indictment, but only by a plea in abatement.

Practice.—*New Trial.*—*Evidence.*—*Supreme Court.*—Where the only question presented by the alleged error of the circuit court, in overruling the motion for a new trial, is the sufficiency of the evidence to sustain the finding of guilty, and the evidence is conflicting, the finding will not be disturbed, or the judgment reversed, by the Supreme Court.

From the Warren Circuit Court.

*W. P. Rhodes,* for appellant.

*F. T. Hord,* Attorney General, *H. H. Conley,* Prosecuting Attorney, and *J. G. Pearson,* for the State.

HOWK, C. J.—In this case, the appellant, Mathis, was indicted, tried and convicted for an unlawful sale of intoxicating liquor to a person under the age of twenty-one years; and from the judgment of conviction he has appealed to this court.

The appellant has here assigned, as errors, the decisions of the circuit court, (1) in overruling his motion to quash the indictment, and (2) in overruling his motion for a new trial.

Of the first of these alleged errors, it is said in argument by appellant's counsel: "That the record discloses the fact, that the array of the grand jury was not legal. The statute requires that the jury shall be resident voters and freeholders of the county. Sec. 1393, R. S. 1881. The statement in the record is, that the grand jury panel was filled from the by-standers, and then it says, ' All of said jurors being good and lawful men, residents of Warren county and legal voters therein.' I submit, that the motion to quash should have been sustained."

This is the entire argument of the appellant's counsel on the first error complained of, and we are not convinced thereby that the court erred in refusing to quash the indictment. Counsel is mistaken in asserting, as he does, that "the record discloses the fact," that the grand jurors, or any of them, were not "freeholders of the county." The most that can be correctly said is, that the record does not disclose in direct terms, whether the grand jurors were, or were not, "freeholders of the county." In such case, if the fact existed that the grand jurors, or any of them, were not freeholders of the county, the defect in the indictment could not be reached, or taken advantage of, by a motion to quash such indictment, but only by a plea in abatement. *Wills* v. *State*, 69 Ind. 286. In this case, the indictment commenced as follows: " The grand jurors of Warren county, in the State of Indiana, good and lawful men, duly and legally empanelled, sworn and charged, in the Warren Circuit Court of said State, at the March term for the year 1883, to inquire," etc. After quot-

ing a similar recital from the indictment, in *Powers* v. *State*, 87 Ind. 144, this court said : " With the presumptions that are indulged in favor of the regularity of legal proceedings, the foregoing sufficiently shows that the indictment was found and returned by a legal and duly qualified grand jury." *Bailey* v. *State*, 39 Ind. 438 ; *Bell* v. *State*, 42 Ind. 335 ; *Holloway* v. *State*, 53 Ind. 554.

The motion to quash the indictment, in the case at bar, was correctly overruled.

Of the second error assigned, the appellant's counsel says ; " The reasons for a new trial are three, and all raise the same question, namely : Was the evidence sufficient upon which to base a finding of guilty ? "

Frank Ray, to whom the unlawful sale was charged to have been made, testified on the trial, as follows : " I bought intoxicating liquor at defendant's saloon, March 31st, 1883. Do not know whether I got it of defendant, or of his bartender. They were both there at one time, when I was drinking. Called it lager beer ; I bought one glass and paid five cents for it. Was going on nineteen years old, was under twenty-one—between eighteen and nineteen years old. In Mathis's saloon, in Williamsport, Warren county, Indiana. Was at the saloon in the evening, after supper. Bud Moore was with me. It might have been that Bud Moore bought it, at the time defendant was in. It was between six o'clock and ten o'clock. Jerry Prater, the bartender, was behind the bar ; do not remember which I bought of. Did not see Eli (defendant) but once. I drank when he was in ; did not buy it at that time."

This witness was corroborated to some extent, by the testimony of one David Moffit, and was contradicted generally by the testimony of the defendant. The trial court had opportunities and facilities, which we can not have, for determining the credibility of these witnesses, and the proper weight to be given to their respective evidence. We can not say, that the court was not authorized by the evidence in the

record to find the appellant guilty, as charged in the indictment; and, therefore, we can not reverse the judgment upon the evidence.

We find no error, in the record of this cause, which authorizes or requires the reversal of the judgment.

The judgment is affirmed with costs.

