Heath *v*. The State.

Filed April 25, 1885.

No. 11,121.

## HEATH *v*. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Indictment.*—The charging part of an indictment reads thus: "Jonathan W. Heath, late of said county, on the 13th of August, 1880, at the county and State aforesaid, did then and there, two head of cattle, commonly called steers, of the value of sixteen dollars each, of the goods and chattels of William Osborn, then and there being found, did feloniously steal, take and drive away."

*Held,* that, although inartistically drawn, the indictment was sufficient.

SAME.—*Failure to Record Indictment.*—The failure of the clerk to enter the indictment in the order-book can not be made the ground of a motion to quash.

SAME.—*Return of Indictment.*—A recital in the record, that the grand jury come into open court and present an indictment, followed by an indictment, is sufficient to show its due return.

SAME.—*Exceptions.*—*Bill of Exceptions.*—A defendant who flees to escape judgment, and remains out of the jurisdiction of the court for two years, can not have exceptions entered, nor can he secure a bill of exceptions after such a lapse of time.

From the Starke Circuit Court.

*H. R. Robbins* and *A. L. Jones*, for appellant.

*F. T. Hord*, Attorney General, *G. W. Beeman*, Prosecuting Attorney, and *W. B. Hord*, for the State.

ELLIOTT, J.—The charging part of the indictment reads as follows: "Jonathan W. Heath, late of said county, on the 13th day of August, 1880, at the county and State aforesaid, did then and there, two head of cattle, commonly called steers,

of the value of sixteen dollars each, of the goods and chattels of William Osborn, then and there being found, did feloniously steal, take and drive away." We perceive no substantial infirmity in this indictment, although it is not very cleverly drawn. There is a repetition of the verb *did*, and a departure from the usual arrangement of words, by placing the object after the auxiliary verb, but there is neither uncertainty in the averments nor lack of substantive facts in the statements of the pleading.

The failure of the clerk to enter the indictment in the order-book can not be made the ground of a motion to quash.

The omission of the clerk to record the indictment in the order-book did the appellant no injury, and supplies him with no valid ground for a reversal.

A recital in the record, that the grand jury come into open court and present an indictment, followed by an indictment, is sufficient to show its due return. *Mathis* v. *State*, 94 Ind. 562.

The verdict against the appellant was returned on the 18th day of October, 1882. The appellant's counsel state in their brief, that " after the verdict was rendered, and before judgment was pronounced, the defendant fled and made default on his bond, but was re-arrested in July, 1884, and brought before the court at its next session, to wit, the October term, 1884, when he filed his motion for a new trial." It is doubtful whether a defendant who flees, and remains beyond the jurisdiction of the court for two years, has a right to file a motion for a new trial, for to tolerate such a practice would put the State at great disadvantage, and open the door to flagrant abuses. *Sargent* v. *State*, 96 Ind. 63. But, granting that he may file such a motion, we think that he can not at so late a day secure any valid exceptions to the rulings on the trial, and can take no effective bill of exceptions. The statute provides that " Exceptions must be taken at the time of the trial." R. S. 1881, section 1847. It seems clear that

where the defendant voluntarily absents himself for two years after the return of the verdict, he can not be heard to say that he reserved exceptions at the time rulings upon the trial were made. But, if he could do this, he could not obtain a bill of exceptions, for the statute provides that "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered." R. S. 1881, section 1847. We think that the leave must be obtained at the term at which the verdict is rendered, unless the act of the court carries the case over to another term; at all events, that the leave can not be secured by the defendant after the lapse of two years occasioned by his own flight. In *Calvert* v. *State,* 91 Ind. 473, cited by appellant's counsel, we said : "It is, of course, essential that leave to file should be granted during the term at which the trial is had."

An accused may waive his constitutional right to be present at the trial by fleeing from the process of the court. This subject is discussed in an article on "Waiver of Constitutional Rights in Criminal Cases," in a recent number of the Criminal Law Magazine, where many authorities are collected. 6 Crim. Law Mag. 182, *vide* auth. n. 186. *McCorkle* v. *State,* 14 Ind. 39. If the defendant may waive a constitutional right by absconding, he certainly does waive a statutory right by such an act.

Judgment affirmed.

Filed March 14, 1885 ; petition for a rehearing overruled April 29, 1885.