Mergentheim v. The State.

Judgment affirmed.

.Filed Oct. 7, 1886.

| | |
|---|---|
| 107 | 567 |
| 124 | 12 |
| 124 | 170 |
| 124 | 383 |
| 107 | 567 |
| 130 | 27 |
| 130 | 68 |
| 107 | 567 |
| 133 | 407 |
| 107 | 567 |
| 135 | 576 |
| 107 | 567 |
| 144 | 249 |
| 107 | 567 |
| 148 | 322 |
| 151 | 249 |
| 107 | 567 |
| 155 | 696 |
| 107 | 567 |
| 171 | 58 |

No. 13,122.

## MERGENTHEIM v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Return.*—*Trial.*—Where it affirmatively appears that the indictment set out in the transcript was duly returned into court, and that the defendant appeared and pleaded thereto, it is sufficiently shown that the trial was had upon such indictment, and the fact that the indictment and cause bear different numbers is immaterial.

SAME.—*Public Nuisance.*—*Indictment.*—*Duplicity.*—Where the doing of any one of a number of distinct acts is made an offence to which the same punishment is affixed, as in section 2066, R. S. 1881, relating to public nuisances, the doing of any one or more of such acts by the same person, at the same time, constitutes but a single offence, which may be charged in the same count of indictment without duplicity.

SAME.—*Negativing Exception in Statute.*—An indictment founded on section 2066, for creating a nuisance, need not negative the exception contained in the proviso to such section.

SAME.—*Description of Locality and Business.*—Where the acts mentioned in the indictment are unlawfully done and are injurious to the property and health of others, they constitute an indictable offence, without regard to the business in which the defendants are engaged, and a description of the locality and business is not essential to the validity of the indictment.

SAME.—*Evidence.*—*Feeling Between Witness and Defendant.*—Where a witness for the prosecution has testified concerning the state of feeling existing between himself and the defendant, evidence as to his feeling toward those of the defendant's race who reside in the community, may properly be excluded.

SAME.—*Physical Condition of Thing or Locality.*—*Comparison.*—Where the physical condition of a thing or locality is in question, at the time a certain event happened, it is sometimes competent to show such condi-

tion at other times shortly before or after the event, and that it was in the same condition when the event occurred, but this rule does not. apply, in a prosecution for maintaining a nuisance, to a comparison of odors arising therefrom covering a period of several years.

SAME.—*Neglect or Act of City will not Excuse Creation of Nuisance by Citizen.* — One who is prosecuted for discharging refuse substances from his mills., into a canal bed, and thereby creating a nuisance, is not excused by the · fact that the city in which his mills are situate had failed to provide suitable drainage, or had previously obstructed the flow of water in the canal.

SAME.—*Knowledge.—Presumption.*—Where it is shown that the owner of the mills lived in the vicinity, and that the alleged nuisance had existed for two years, it will be presumed, in the absence of any showing to the · contrary, that he had such knowledge as made him responsible therefor..

SAME.—*Number of Witnesses.—Limit.—Discretion.*—It is within the discre- tion of the trial court to fix a reasonable limit to the number of wit- nesses on a given subject.

SAME.—*New Trial.—Misconduct of Juror.*—Where misconduct of jurors is. alleged as a cause for a new trial, the misconduct must be shown, and not left to inference.

SAME.—*Immaterial Variance.*—A variance in a matter of unnecessary description will not authorize a reversal.

From the Miami Circuit Court.

*R. P. Effinger* and *R. J. Loveland,* for appellant.

*F. T. Hord,* Attorney General, *C. R. Pence,* Prosecuting Attorney, and *S. D. Carpenter,* for the State.

MITCHELL, J.—At the June term, 1884, of the Miami Cir- cuit Court, the grand jury of Miami county presented that Moses Oppenheimer, Harry W. Strause and Lewis Mergen- theim did, near the dwelling-houses of divers citizens, whose names are set out, unlawfully cause, procure, and permit large· quantities of filth, dirty and impure water, suds, and other offensive substances, to be collected, and to remain near said. dwelling-houses, by reason whereof divers offensive and un- wholesome stenches and smells were emitted therefrom, so that the air was filled and impregnated with noisome smells and thereby rendered unwholesome to the citizens of said county.

Before the trial commenced the death of Oppenheimer was·

suggested upon the record; Strause was acquitted; whilst Mergentheim was found guilty, and a fine of twenty dollars assessed against him.

The first point made against the regularity of the proceedings is, that it is not shown by the record that the trial was had upon the indictment returned by the grand jury. This point is without merit. The record recites that an indictment, a copy of which is set out, was properly returned by a grand jury duly empanelled, the indictment being numbered 983. The subsequent proceedings, as the record shows, were had in cause numbered 460. They follow in regular order, and are shown to be proceedings on the indictment. That the number on the indictment and the number of the cause were different, is immaterial. It affirmatively appears that the indictment, set out in the transcript, was returned into court, and that the appellant appeared and pleaded to the indictment returned. The case is fully covered at this point by what was said in *Wall* v. *State*, 23 Ind. 150. See, also, *Mathis* v. *State*, 94 Ind. 562; *Heath* v. *State*, 101 Ind. 512; *Epps* v. *State*, 102 Ind. 539; *Padgett* v. *State*, 103 Ind. 550; *Henning* v. *State*, 106 Ind. 386.

The indictment is predicated upon section 2066, R. S. 1881. By this section the doing of any one of a number of distinct and separate acts is made a crime to which precisely the same punishment is affixed. In such a case, the doing of any one or more of the prohibited acts by the same person, at the same time, constitutes but a single offence, which may be charged in the same count of an indictment without rendering it subject to the infirmity of duplicity. *Davis* v. *State*, 100 Ind. 154; *Fahnestock* v. *State*, 102 Ind. 156.

The section referred to prescribes, among other things, that " Whoever * * * causes or suffers any offal, filth, or noisome substance to be collected or to remain in any place, to the damage or prejudice of others or the public," shall be subject, upon conviction, to certain penalties. The indictment charges the violation of this part of the section alone, but if it had com-

bined conjunctively any or all of the other prohibited acts, and had charged that all such acts were done at the same time by the same persons, the objection that it was bad for duplicity, would not have been well made. The distinction between the case before us, and *Knopf* v. *State*, 84 Ind. 316, is apparent. In the case cited, a single count in the indictment charged offences prescribed in three separate sections of the statute, to each of which a different punishment was annexed.

It is said further that the indictment was bad, because it did not negative the exception contained in the proviso found in section 2066, which authorizes towns and cities to enact and enforce ordinances for the protection of the public health.

It is difficult to perceive how the acts charged could have been done in pursuance of any ordinance for the promotion of public health. At all events, if the defendants were acting under the power conferred by an ordinance, that was a proper matter to be shown in defence. *State* v. *Maddox*, 74 Ind. 105.

The indictment under examination charged that the defendants unlawfully caused, procured, permitted and suffered large quantities of filth, etc., to be collected and to remain, etc. It was not necessary, as the appellant contends, to describe with more particularity the means by which this was done. If the acts mentioned were unlawfully done, and were injurious to the property and health of others as charged, they constituted an indictable offence, irrespective of the business in which the defendants may have been engaged. Conceding that the business in which the defendants were engaged, and the locality and surroundings of the establishment in which it was conducted, were important elements in determining whether or not such business was so carried on as to constitute an offence, a description of the locality and business was not essential to the validity of the indictment.

A special answer was filed, to which a demurrer was sus-

Mergentheim *v.* The State.

tained. While this ruling is assigned for error, nothing further is said concerning it, than that the facts stated in the plea or answer are incompatible with guilt on the part of the defendants. We are unable to perceive that any error was committed in sustaining the demurrer. The facts pleaded constituted no defence.

Gottlieb Conradt testified on behalf of the State. On cross-examination he was asked the following question: "Is'nt it a fact that you are indignant at the Jews in the city of Peru." Having previously been required to answer, as to the state of feeling existing between himself and the defendants, the court sustained an objection to the foregoing and other similar questions. In this there was no error. While it is not irrelevant to inquire of a witness, who has testified against a party, whether or not he entertains or has expressed feelings of hostility toward the party concerned, the record discloses that the rights of the appellant suffered no abridgment in that respect.

The indictment was returned in June, 1884. The defendants at the trial offered to prove that subsequent to that date, in 1885, no offensive odors were emitted from the canal into which the water from their woollen mills was discharged, and which, becoming stagnant, caused the odors complained of. They proposed in the same connection to prove that the odors emanating therefrom, from 1882 to 1885, were of the same character during the whole intervening period. This testimony was excluded. In this no error was committed.

Where the physical condition of a thing or locality is in question, at the time a certain event happened, it may be competent under some circumstances to show the condition of the thing or locality at other times shortly before or after the event, and that it was in the same condition when the event in question took place, but we think it would be carrying this rule too far to apply it to a comparison of odors covering a period of several years.

The defendants proposed to ask a witness the following

question:  " What is the main business of the Peru Woollen Mills ?"

The court sustained an objection to the question.    It is insisted that this was error.    As it does not appear by any statement in the record what the witness would have testified to in answer to the question, the point as made presents nothing for decision.

Another witness, who testified to the offensiveness of the matter discharged into the canal, was asked whether the canal would not have been as offensive without the refuse from the woollen mills as with it?  The exclusion of an answer to this question was manifestly proper.    It simply invited the opinion of the witness upon the matter in issue.

The testimony as to the health of the operatives in the mills or dye rooms was also properly excluded.    It was immaterial even if those in the mills suffered no inconvenience, provided the defendants allowed substances to be discharged from their mills into the canal, two hundred or three hundred feet distant, which were permitted to remain, to the discomfiture of those in the near vicinity.    Equally immaterial was the testimony proposed by another witness, by whom the defendants sought to show that others in the vicinity maintained bad-smelling substances on their premises.

The court limited the parties to the examination of seven witnesses on each side, in respect to the subject of the condition of the canal, and the odors emitted therefrom.    A reasonable limitation is within the discretion of the court.    We can not say, since the defendants were notified of the limitation beforehand, that there was any abuse of discretion in this case.    *Butler* v. *State,* 97 Ind. 378 ; *Union R. R., etc., Co.* v. *Moore,* 80 Ind. 458.

While it is true, the court did not in terms announce that the defendants would be limited, a limit was established and announced by the court as against the State at seven, the defendants having moved to establish the State's limit at three witnesses.    Having established a limit against the State, the

defendants were bound to infer that a like limit would be applied to them.

It was no excuse for the defendants, assuming that they discharged substances from their mills in such manner as to create a nuisance, that the city of Peru, within which their mills were situate, failed to provide suitable drainage, or that the city had some years before, obstructed the flow of the water in the canal. If the city interfered with, or appropriated any rights which the defendants had to flow their refuse into or through the canal, their remedy was against it. Such interference, if it took place, gave them no right to use their mills in such manner as to create a nuisance, and injure the health and property of others.

One of the grounds for a new trial is based upon the affidavit of one Griggs, in which he deposes that two of the jurors, who took supper at his house during the progress of the trial, read a newspaper in which there was an article making allusion to the trial and its importance. It does not appear that the article alluded to was seen or read by the jurors, and, presuming against misconduct until the contrary appears, we must assume that if the jurors saw the article alluded to they refrained from reading it. Besides, it does not appear that the alleged misconduct was not known to the defendants before the jury retired to consider of their verdict. *Henning* v. *State, supra.*

Some mild criticism is made in respect to one of the instructions, but we see nothing in it which was irrelevant to the case, nor does it state the law inaccurately.

An examination of the record discloses that there was evidence reasonably tending to sustain the verdict. It is said the proof does not show that the appellant had knowledge of the fact that the mills were so managed as to create a nuisance. This was peculiarly a matter of defence. He was proved to be one of the proprietors of the mills. He lived in the vicinity. There was evidence tending to prove that the condition of things complained of existed for two years

and more. In this state of the case, the appellant having offered no explanation, it must be presumed he had such knowledge as made him responsible for the actual conditions produced by his own property. *Graeter* v. *State*, 105 Ind. 271.

It is said lastly, that there is a variance between the proof and the charge as laid in the indictment, in this, the crime is laid as having been committed "at and near the dwelling-houses of Eli Betzner, Theodore Conradt, Henry J. Miller, Joseph Reyburn, and divers other citizens," while the proof shows that the offensive matter was located near the residences of Eli Betzner, Theodore Conradt, Joseph Reyburn, "and a man by the name of Miller." The proof with reference to the Miller residence was to the effect, that Mrs. Miller lived there and "a man by the name of Miller." Mrs. Miller testified that her son Henry was a member of her family, and was sickened on account of the odors complained of. Upon this testimony it may have been inferred by the jury that the son, Henry Miller, was the person whose dwelling-house was affected by the acts complained of. The failure to prove the initial letter of the middle name is not a variance. *Choen* v. *State*, 52 Ind. 347 (21 Am. R. 179). The proof at this point is not entirely satisfactory. But the variance, if such it be, had reference only to a matter of unnecessary description; and for a mere failure to prove with technical exactness an averment which was not necessary nor of the essence of the offence charged, we would not, under the rules governing appeals in criminal cases, be authorized to reverse.

The judgment is affirmed, with costs.

Filed Oct. 7, 1886.