Nichols *et al. v.* The State.

Filed March 13, 1891.

---

No. 15,892.

## NICHOLS ET AL. *v.* THE STATE.

STATUTE.—*Construction.*—*Particular Description Followed by a General One.*— If words of a particular description in a statute are followed by general words that are not so specific and limited, unless there be a clear manifestation of a contrary purpose, the general words are to be construed as applicable to persons or things, or cases, of like kind to those designated by the particular words.

CRIMINAL LAW.—*Enticing Female to House of Ill-Fame.*— *What is, and is not, the Offence.*—*"For the Purpose of Prostitution."*—*"Or Elsewhere."*—The statute making it an offence to entice or take a female of previous chaste character to a house of ill-fame, "or elsewhere," "for the purpose of prostitution," has no application to persons who entice, allure or solicit females of chaste character to accompany them to any convenient place for the sole purpose of having illicit intercourse. It applies to such persons only as allure chaste females to houses of ill-fame, or other places of like character, to have common, indiscriminate, meretricious commerce with men, or where they may become prostitutes. The phrase " with the intent of then and there rendering her a prostitute," in an indictment, is the equivalent of the phrase " for the purpose of prostitution." Section 1993, R. S. 1881.

Nichols *et al. v.* The State.

SAME.—*Indictment.—Insufficiency.*—An indictment charging that the defendant, at a certain date, in a certain county, enticed and took a certain named female of chaste character, then and there being, to a certain named city of the State, with the intent then and there of rendering her a prostitute, without designating or describing the particular house or place in such city to which she was taken or enticed, is not sufficient to withstand a motion to quash, but is sufficient to withstand a motion in arrest of judgment.

SAME.—*Indictment.—Arrest of Judgment.*—If an indictment or information does not contain all the essential elements of a public offence, a motion in arrest of judgment will be sustained. But if it contains all such essential elements, even though imperfectly stated, it will be held sufficient to withstand such a motion.

SAME.—*Presumption as to Proof.*—After verdict and judgment thereon, in case of a conviction, the Supreme Court assumes, in the absence of the evidence, where the pleading is broad enough, that there was proof of all the elements necessary to constitute the crime charged.

SAME.—*Information.—Jurisdictional Facts.—Need not Show.*—It is not necessary to allege in an affidavit and information the facts showing the right of the State to thus prosecute the accused. If such facts do not exist a plea in abatement must be filed. Section 1733, R. S. 1881.

SAME.—*Punishment Less than Statute Requires.*—A defendant can not object to a verdict which does not assess a fine in addition to the punishment assessed, even though the statute requires the fine also to be assessed.

JURISDICTION.—*Presumption.*—If a court of general jurisdiction, having jurisdiction over the subject-matter of the action, render judgment in the cause, it will be presumed, in the absence of a showing to the contrary, that the jurisdiction was acquired in some legal manner over the person before the rendition of such judgment.

From the Delaware Circuit Court.

*B. F. Davis, W. H. Martz, R. Gregory* and *A. C. Silverberg*, for appellants.

*A. G. Smith*, Attorney General, *J. G. Leffler*, Prosecuting Attorney, *J. W. Ryan, W. H. Thompson* and *G. W. Cromer*, for the State.

COFFEY, J.—This was a prosecution instituted in the Delaware Circuit Court, by affidavit and information, against the appellants, Doan Nichols and Fannie Wiley, and one Ret. Shetterly, charging them with the crime of abduction. The affidavit in the cause charges " that Doan Nichols, Ret.

Nichols *et al. v.* The State.

Shetterly, and Fannie Wiley, at the county of Delaware, in the State of Indiana, on the 14th day of May, 1890, did then and there unlawfully and feloniously entice and take away from the city of Muncie, in the county aforesaid, one Almeda O. Watters, a female of chaste character, then and there being, to the city of Indianapolis, in the county of Marion, in said State, with the felonious intent then and there of rendering the said Almeda O. Watters a prostitute."

The information in the cause follows the affidavit.

A trial of the cause, before a jury, resulted in a verdict finding the appellants guilty as charged. The court, over a motion for a new trial and a motion in arrest of judgment, rendered judgment on the verdict from which this appeal is prosecuted.

No motion was made in the circuit court to quash the affidavit or information, nor is the evidence in the record.

Section 1993, R. S. 1881, upon which this prosecution is based, is as follows: " Whoever entices or takes away any female of previous chaste character from wherever she may be to a house of ill-fame, or elsewhere, for the purpose of prostitution, shall be imprisoned," etc.

It is insisted by the appellants that the circuit court erred in overruling their motion in arrest of judgment, because the affidavit and the information in the cause do not state a public offence. The principal objection urged is that neither the affidavit nor information contains a description of any particular house or place to which Almeda O. Watters was taken for the purpose of rendering her a prostitute.

The rule is, that where words of a particular description in a statute are followed by general words that are not so specific and limited, unless there be a clear manifestation of a contrary purpose, the general words are to be construed as applicable to persons or things, or cases, of like kind to those designated by the particular words. Bishop Stat. Crimes, sections 245-6 ; *State* v. *McCrum,* 38 Minn. 154; *Berg* v. *Baldwin,* 31 Minn. 541 ; *Miller* v. *State,* 121 Ind. 294.

Following this rule of construction it was held in the case last cited that the words "or elsewhere," as found in the statute under consideration, should be construed to mean a house of ill-fame or some other place of like character, where prostitution of the character practiced at houses of ill-fame or assignation was, or was intended to be, carried on. The purpose of the statute was to punish. persons, whether male or female, who should engage in the business of inducing females of chaste character to become inmates or frequenters of houses of ill-fame, assignation or other places for purposes of prostitution. It has no application to persons who entice, allure, or solicit females of chaste character to accompany them to any convenient place for the sole purpose of having illicit intercourse. It applies to such persons only as allure chaste females to houses of ill-fame, or other places of like character, to have common, indiscriminate, meretricious commerce with men, or where they may become prostitutes. *Fahnestock* v. *State*, 102 Ind. 156; *Osborn* v. *State*, 52 Ind. 526; *Commonwealth* v. *Cook*, 12 Met. 93; *State* v. *Stoyell*, 54 Maine, 24; *Carpenter* v. *People*, 8 Barb. 603; *State* v. *Ruhl*, 8 Iowa, 447; *People* v. *Plath*, 100 N. Y. 590; *Miller* v. *State, supra.*

Prostitution, in its limited sense, is the practice of a female offering her body to an indiscriminate intercourse with men— the common lewdness of a female.

Section 2003, R. S. 1881, declares that "Any female who frequents or lives in houses of ill-fame, or associates with women of bad character for chastity, either in public or at a house which men of bad character frequent or visit; or who commits fornication for hire—shall be deemed a prostitute."

If, therefore, it sufficiently appear from the affidavit and information before us that the appellants enticed the person therein named, a female of previous chaste character, to a house of ill-fame or other place of like character for the purpose of prostitution, a public offence is charged.

The charge is that they enticed her away from the city of Muncie, in the county of Delaware, to the city of Indianapolis, in the county of Marion. No particular house or place in the city of Indianapolis is designated or described. In our opinion this affidavit and information would not have been sufficient to withstand a motion to quash, had such a motion been interposed in the circuit court.

The appellants were entitled to a more particular description of the place to which the person named was enticed had they insisted upon such a description.

It has often been adjudged that where an indictment or information does not contain all the essential elements of a public offence a motion in arrest of judgment will be sustained. *Greenley* v. *State*, 60 Ind. 141; *Lowe* v. *State*, 46 Ind. 305; *Shepherd* v. *State*, 64 Ind. 43; *Hoover* v. *State*, 110 Ind. 349.

It is contended by the State, however, that the failure to describe the particular house or place at the city of Indianapolis to which the female named was taken for the purpose of prostitution, was a defect cured by verdict; that a place is in fact stated, though imperfectly.

The argument is that while there is no inference of law that the city of Indianapolis is an immoral place, or that it is like, in character, to a house of ill-fame, the court will take judicial notice that there are many places in the city of Indianapolis used for various purposes; that while the court can not judicially know that there are immoral places in the city, the inference of morality is met by the charge that the female was taken there with the intent of rendering her a prostitute, and that she was taken to a place suitable for that purpose.

There are many defects in pleading, both in civil and criminal cases, which would be fatal on demurrer or on motion to quash, which are not available on a motion in arrest of judgment. *Graeter* v. *State*, 105 Ind. 271; *Trout* v. *State*, 107 Ind. 578; *Greenley* v. *State*, *supra*; *Lowe* v. *State*, *su-*

*pra;  Shepherd* v. *State, supra;  McCool* v. *State,* 23 Ind. 127 ; *State* v. *Noland,* 29 Ind. 212 ; Gillett Crim. Law, 562 ; Bicknell Crim. Practice, 310 ; *State* v. *Murphy,* 8 Blackf. 498 ; *Peters* v. *Banta,* 120 Ind. 416 ; *Colchen* v. *Ninde,* 120 Ind. 88 ; *Hare* v. *State,* 4 Ind. 241.

Section 1891, R. S. 1881, provides that " In the consideration of the questions which are presented upon an appeal, the Supreme Court shall not regard technical errors or defects or exceptions to any decision or action of the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant."

In the case of *Trout* v. *State, supra,* it was held that this statute is applicable to criminal cases. With this statute in view the rule in this State is that where the indictment or information contains all the essential elements of a public offence, even though imperfectly stated, it will be held sufficient to withstand a motion in arrest of judgment. *Trout* v. *State, supra; Graeter* v. *State, supra.*

After verdict in this case, as the appellants were found guilty, we must assume, as we do in all cases where the pleading is broad enough, that there was proof of all the elements necessary to constitute the crime charged. *State* v. *Murphy, supra.*

The charge is that the female named in the information was enticed to the city of Indianapolis, and under this charge we think the State might have proven the particular house or place to which she was enticed, and that such house or place was like unto a house of ill-fame. As we have seen, the evidence is not in the record, and we have no means of knowing its character.

We think that the affidavit and information in this case contain all the essential elements of a public offence, but they are defective by reason of the uncertainty and imperfection in the manner of describing the place to which the female was enticed. As we have seen, such imperfection will not warrant the court in arresting the judgment on motion.

In our opinion the court did not err in overruling the motion in arrest of judgment on the ground that the affidavit and information do not state a public offence.

It is further objected that the phrase " with the intent of then and there rendering the said Almeda O. Waters a prostitute," found in the affidavit and information, is not equivalent to the phrase " for the purpose of prostitution," found in the statute.

It is not necessary that the exact words used in the statute shall be employed in the indictment or information. Equivalent words are sufficient.   *State* v. *Miller*, 98 Ind. 70; 1 Bishop Crim. Proc., section 612.

The phrase " with the intent of rendering her a prostitute," as used in this information, we understand to mean, with the intent to yield her up, to deliver her over, to cause her to be, or to become a prostitute.   As we have seen the word *" prostitute "* includes a female who surrenders her person to indiscriminate intercourse with men.   If the abduction was intended to cause her to become a prostitute, she was abducted for the purpose of prostitution.

We do not think the affidavit and information defective in the matter of which this complaint is made.

It is also contended that the record does not disclose such a state of facts as authorized a prosecution by affidavit and information under the provision of section 1679, R. S. 1881. In this connection it is argued that the statute does not relieve the State from the necessity of charging in the affidavit, in cases prosecuted upon affidavit and information, the facts which confer the right to prosecute without an indictment returned by the grand jury.

The question here presented has been decided adversely to the contention of the appellants, and we are not inclined to depart from these decisions.   *Hodge* v. *State*, 85 Ind. 561 ; *Powers* v. *State*, 87 Ind. 97.

The contention that it does not appear by the record that a state of facts existed which authorized a prosecution in

this case by affidavit and information, proceeds upon the theory that the facts necessary to confer jurisdiction upon the circuit court must appear affirmatively by the record.

The circuit court is a court of general jurisdiction, and every presumption in favor of its jurisdiction will be indulged by this court, unless something to the contrary appears. It has the exclusive jurisdiction to try and punish felonies in counties where there is no criminal court. Where a court of general jurisdiction has jurisdiction over the subject-matter of the action, if it renders judgment in the case, it will be presumed, in the absense of a showing to the contrary, that jurisdiction was acquired in some legal manner over the person before the rendition of such judgment. *Pickering* v. *State,* 106 Ind. 228; *Exchange Bank* v. *Ault,* 102 Ind. 322; *Mathis* v. *State,* 94 Ind. 562; *Pointer* v. *State,* 89 Ind. 255.

If such a state of facts existed as did not authorize a prosecution of the appellants by affidavit and information, they should have been pleaded by way of abatement, or incorporated into the record in some other appropriate manner. There is nothing in the record showing that the circuit court did not have jurisdiction in this cause, and as it assumed to act, we must presume that jurisdiction existed.

Indeed, under the provisions of section 1733, R. S. 1881, it is not necessary to state in the information in a prosecution for a felony the facts showing the right to prosecute by information, nor is it necessary to prove such facts, unless put in issue by a verified plea in abatement.

Finally, it is contended by the appellants, that the court erred in rendering judgment against them on the verdict because the jury failed to assess a fine against them as part of the punishment.

The verdict, with this exception, is perfect on its face. The appellants entered an objection to rendering judgment on the verdict on account of the defect above stated, but did not move for a *venire de novo.*

Of this objection we think it sufficient to say that the appellants should not be heard to complain of the fact that they did not receive all the punishment contemplated by the law which the jury found they had violated. In the case of *Griffith* v. *State,* 36 Ind. 406, it was said by this court: " It will hardly be contended, we presume, that the prisoner can successfully object that the punishment imposed was less than might legally have been inflicted." While it is true that the jury might have imposed a fine in this case in addition to the imprisonment fixed by their verdict, their failure to do so was an error in favor of the appellants and gives them no cause for complaint in this court.

We have given all the questions presented by the record in this cause a careful consideration and feel that no error was committed in the circuit court which would warrant a reversal of the judgment.

Judgment affirmed.

Filed Feb. 25, 1891; petition for a rehearing overruled March 19, 1891.