## CLARK v. STATE OF INDIANA.

[No. 22,725.   Filed April 14, 1915.]

PROSTITUTION.— *Enticing Female.— Affidavit.*— An affidavit under §2356a Burns 1914, Acts 1911 p. 439, charging defendant with enticing a female person to a house of ill-fame for the purpose of prostitution, and describing the location of the house with particularity, sufficiently states a public offense.

From Whitley Circuit Court; *Luke H. Wrigley,* Judge.

Prosecution by the State of Indiana against Berta Clark. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Bailey & Compton,* for appellant.

*Richard M. Milburn,* Attorney-General, *Martin H. Spangler, Horace M. Kean, Leslie R. Naftzger, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

SPENCER, J.—Appellant was convicted under §2356a Burns 1914, Acts 1911 p. 439, of unlawfully enticing one Inez May Welch, a female person, to a house of ill-fame in the city of Columbia City, for the purpose of prostitution. On appeal from this judgment, the sole error assigned is the overruling by the trial court of appellant's motion to quash the affidavit. The only question presented here and not waived is whether the affidavit states the offense with sufficient certainty, in describing the house of prostitution. The descriptive part of the affidavit is sufficient for our consideration of this question and is as follows: ''The two story frame dwelling house situated on Lots six (6) and seven (7) in Eyanson's Addition to said city; said house is situated on South Line Street a public street in said city, and is the last house on the west side of said street, north of the right of way of the Pittsburg, Fort Wayne & Chicago Railway, which intersects said street, contrary'', etc.

Appellant relies on the case of *Nichols* v. *State* (1891), 127 Ind. 406, in support of her contention. This was also a pandering case, based on §1993 R. S. 1881, which is practically the same as that section on which the affidavit in the present case is based. The affidavit in the earlier case charged the appellants with enticing ''one Almeda O. Waters to the city of Indianapolis * * * with intent of rendering said Almeda O. Waters a prostitute.'' There is a wide difference in the allegations of these two charges. If the affidavit in the case before us charged only that appellant took Inez Welch to Columbia City for the purpose of prostitution, there might be some merit in appellant's contention, but it goes much farther and describes the location with minute particularity. In *Nichols* v. *State, supra,* this court said, ''If, therefore, it sufficiently appear from the affidavit and information before us that the appellants enticed the

person therein named   *   *   *   to a house of ill-fame or other place of like character for the purpose of prostitution, a public offense is charged.''

Judgment affirmed.

NOTE.—Reported in 108 N. E. 516.  See, also, 32 Cyc. 734; 22 Cyc. 352.