The State v. McDonald.

that there were no grounds on which a decision of jurisdictional questions could be made.

Judgment affirmed.

Filed April 21, 1886.

| 106 | 233 |
| 133 | 304 |
| 133 | 584 |
| 106 | 233 |
| 135 | 201 |
| 136 | 150 |
| 136 | 359 |
| 106 | 233 |
| 145 | 613 |
| 106 | 233 |
| 148 | 51 |

No. 12,920.

## THE STATE v. McDONALD.

CRIMINAL LAW.—*Bribery of Public Officer.*—*Township Trustee.*—*Indictment.* —An indictment, charging that on, etc., the defendant unlawfully, feloniously and corruptly offered and promised one F., a township trustee, that if he, as such trustee, would purchase of defendant twelve sets of reading charts for the township, and pay him therefor the sum of $175, he would sign and deliver to the trustee a voucher and receipt in his favor as such trustee, " on said township," for $194, thereby unlawfully, corruptly and feloniously offering the sum of $19, of the value of $19, the difference between the amount of the receipt and the amount to be paid, and that the offer and promise were unlawfully, feloniously and corruptly made for the purpose of bribing, inducing and influencing the trustee to act in buying the charts of defendant, charges an offer and promise to do an act beneficial to the trustee, within the meaning of section 2009, R. S. 1881, and is good on motion to quash.

SAME.—*Judicial Knowledge.*—Matters of which the Supreme Court takes judicial notice, as that the township trustee is the trustee of the school township, and that, in contracting for school apparatus, he acts as the trustee of the school township, and as to the extent to which the making and delivery of the receipt, as offered and promised, resulted or would result beneficially to the trustee, need not be stated in an indictment. Section 1739, R. S. 1881.

SAME.—*Surplusage.*—The averments in such indictment, that the defendant offered the trustee $19, and as to the value of the receipt, are surplusage, and may be disregarded.   Section 1756, R. S. 1881.

SAME.—*Time.*—Where time is not of the essence of the offence charged, an indictment is not bad because the time is not stated.

From the Randolph Circuit Court.

*F. T. Hord,* Attorney General, and *E. E. McGriff,* for the State.

*W. A. Thompson, A. O. Marsh, J. W. Thompson, R. S. Gregory* and *A. C. Silverburg,* for appellee.

ZOLLARS, J.—The second and fifth counts of the indictment were non-prossed. The court below sustained a motion to quash the first, third, fourth and sixth counts. The State, by its prosecuting attorney, excepted, prosecutes this appeal, and assigns that ruling as error.

The substance of the first count is, that on the 15th day of June, 1884, appellee unlawfully, feloniously and corruptly offered and promised John B. Fortenbaugh, a township trustee, that if he, as such trustee, would purchase of appellee twelve sets of reading charts for the township, and pay him therefor the sum of $175, he would sign and deliver to the trustee a voucher and receipt in his favor, as such trustee, "on said township" for $194, thereby unlawfully, corruptly and feloniously offering the sum of $19, of the value of $19, the difference between the amount of the receipt and the amount to be paid, and that the offer and promise were unlawfully, feloniously and corruptly made for the purpose of bribing, inducing and influencing the trustee to act in buying the charts of appellee.

The third count is the same, except that it is therein charged that the value of the receipt promised was then and there of the value of $194.

The fourth count is the same as the first, except that it is therein charged that the offer and promise were made to the trustee of the school township.

The sixth count is the same as the third, except that it is charged therein that the offer and promise were made to the trustee of the school township.

The purpose of the prosecutor, as we are informed by his brief, was to charge an offence under sections 2009 and 2051, R. S. 1881, but more particularly under section 2009. We do not think that the facts stated bring the case within section 2051. Do they make a case under section 2009? So far as it is necessary to set out that section, it is as follows: " Whoever corruptly gives, promises, or offers to any * * * person holding any office of trust or profit under the laws of

this State, * * * any money or valuable thing: or corruptly offers or promises to do any act beneficial to any such person, to influence his action, * * * in any matter pending or that might legally come before him, * * * shall, upon conviction thereof, be imprisoned," etc.

It will be observed, that in the first and fourth counts, it is charged that the offer and promise were to the township trustee, and that in the third and sixth counts, it is charged that the offer and promise were to the trustee of the school township.

That the township trustee, whether acting for the civil or school township, is a person holding an office of trust and profit under the laws of this State, and that the alleged offer and promise were in relation to a matter pending before him, is clear. *Shircliff* v. *State,* 96 Ind. 369.

We take notice, as a matter of law, that a person is the trustee of the school township, if he is the township trustee. We also take notice that in contracting for school apparatus, the township trustee acts as the trustee of the school township. *Inglis* v. *State, ex rel.,* 61 Ind. 212; *Middleton* v. *Greeson, ante,* p. 18.

We think, therefore, that in a prosecution like this, it may be proper, in naming the officer to whom the bribe was offered, to designate him either as the township trustee, or as the trustee of the school township.

It will be observed, also, that in the first and fourth counts it is charged, that, by the offer and promise, appellee thereby offered to the trustee $19, of the value of $19, being the difference between the amount of the receipt and the amount to be paid for the charts, and that in the third and sixth counts it is charged that the receipt offered and promised was then and there of the value of $194.

It can not be correctly said that the receipt was then and there of the value of $194, for the reason that it had not been executed. The offer and promise were to execute and deliver it, upon the condition that the trustee would accept the

terms proposed.    Nor can it be correctly said that by the offer and promise made by appellee, he thereby offered to the trustee $19. He did not propose to pay over any money; he simply offered and promised to do an act that might enable the trustee to make $19 in his settlement with the county board.    The statement, that appellee thereby offered $19, is simply a conclusion of the pleader, and not the statement of a fact, and is, therefore, mere surplusage, that may be disregarded.

It is provided by statute that no indictment shall be quashed for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged, nor for any other defect or imperfection which does not tend to prejudice the substantial rights of the defendant upon the merits.    R. S. 1881, section 1756; *Myers* v. *State,* 101 Ind. 379 ; *State* v. *Anderson,* 103 Ind. 170.

If an offence is charged in the indictment, it must rest upon that part of the statute which makes it unlawful to corruptly offer or promise to do any act beneficial to the officer to influence his action.    Appellee did not offer or promise to pay over any money, he did not offer or promise an existing valuable thing, but he corruptly offered and promised to do an act, viz., to make and deliver to the trustee a voucher and receipt, to induce and influence him to make the purchase of the charts at $175.

The prosecuting attorney contends in argument, that each count of the indictment makes a case against appellee, for having made such offer and promise as the statute declares to be criminal.

Disregarding, as surplusage, the averments that appellee offered $19, and that the receipt was then and there of the value of $194, there are left the other charges of the act which appellee corruptly offered and promised to do, without any specific averment that the act was, or would be, beneficial to the trustee.    We have concluded that that specific averment is not necessary.    The extent to which the making and delivery of

the receipt as offered and promised resulted, or would result, beneficially to the trustee, is a matter of which the court may take judicial notice. Matters of which judicial notice is taken need not be stated in an indictment, under our statutes. R. S. 1881, section 1739.

The statutes declare that the books, papers and accounts of the trustee relative to schools, shall at all times be subject to the inspection of the board of county commissioners. R. S. 1881, section 4454.

For the purpose of inspection the county board may subpœna before them any trustee, and require the production of such books, papers and accounts. R. S. 1881, section 4455.

The trustee is required to keep an account of the amounts paid out on account of the distinct funds, and to whom paid, and to file all accounts as vouchers, and report the same to the county commissioners. R. S. 1881, section 5997.

He is required to make verified reports to the county commissioners of the receipts and expenditures of the school fund, and support the detailed account of expenditures by proper vouchers. If the commissioners are satisfied that the report is full, accurate, and right in all respects, and that the account is just and true, they allow and pass upon the same, which has the effect to credit the trustee for the expenditures. R. S. 1881, section 4441.

It thus appears that the receipts, or receipted bills, are made important, if not necessary, to enable the trustee to get credit for his reported expenditures. To say the least, such receipts are beneficial to the trustee, as vouchers, to accompany and support his reports to the county board. When, therefore, appellee offered and promised to make and deliver to the trustee a receipt for $194, he offered and promised to do an act beneficial to the trustee.

It is true, that the promised receipt would be of no avail, unless the trustee should use it with a report, and that in order to so use it, he would have to make a false, verified report, but that does not destroy the beneficial character of the

act proposed by appellee. Other acts, that he might have offered and promised to do, might be of no consequence to the trustee unless he turned them to a purpose. And because the trustee, in order to make the receipt available, would necessarily have to swear to a false report, ought not to avail appellee. He ought not to be heard to defend upon the ground that his illegal act might induce the trustee to violate his official duty, and also swear falsely in so doing. Nor can he be heard to say that the thing he proposed to do was an unlawful act, and that the receipt would in part have been in violation of law. *Shircliff* v. *State, supra.*

His purpose, as charged, was to influence and bribe the officer, and had the officer been sufficiently dishonest to accept the offer, he would have succeeded as effectually as if he had offered money.

The purpose of the statute is to protect the public service, and hence it is made a crime for any one, by offers of any kind of bribes, to corrupt and debauch it. The facts set up in the indictment show an ingenious attempt to do so, and at the same time to evade the law. Practically, and in effect, the offer by appellee is the same as if he had proposed to sell the charts to. the trustee for $194, and, as an inducement to the purchase, had offered and promised him $19 of the amount, the township being charged for the whole. The methods are different, but the one is as dangerous to the public service, and as much in violation of the statute, as the others.

It is urged against the indictment, that it is not therein averred that appellee knew that Fortenbaugh was a township trustee. There is no averment of such knowledge in so many words, but the other averments show conclusively that he had full knowledge of that fact, and made the offer and promise with and in view of that knowledge.

It is further urged against the sixth count of the indictment, that the year in which the offence was committed is not therein stated. Time is not of the essence of the offence

charged, and hence the count is not bad because the time is not stated. *State* v. *Sammons*, 95 Ind. 22. Careful pleading would require the time to be stated, and all other averments in an indictment to be made certain and specific.

After a careful examination of the questions involved, we have reached the conclusion that the motion to quash should have been overruled.

The judgment is reversed, at appellee's costs.

