THE STATE v. JACOBS.

1. **Liquor Nuisance**: INDICTMENT: AVERMENT OF COUNTY. The indictment in this case charges the keeping of a certain building as a nuisance, " on the first day of May, 1886, and on divers other days or times between said first day of May, 1886, and the finding of this indictment." It then states that "said building * * * is situated on (certain described land) in Franklin county, Iowa." Held that it sufficiently charges that the building in which the offense was committed was in Franklin county.

2. ————: INSTRUCTION : SALE OF BEER PRIOR TO JULY 4, 1884. Prior to July 4, 1884, the sale of beer was not unlawful, and instructions which authorized the finding of defendant guilty of a nuisance in keeping a place for the sale of beer prior to that time were erroneous.

*Appeal from Franklin District Court.*—HON. D. D. MIRACLE, Judge.

FILED, SEPTEMBER 10, 1888.

DEFENDANT was convicted of the crime of nuisance by the verdict of a jury, and the court pronounced judgment against him imposing a fine, and he appeals.

*J. H. Scales*, for appellant.

*A. J. Baker*, Attorney General, for the State.

The State v. Jacobs.

REED, J.—I. The following is a copy of the indictment: "The grand jury * * * accuse Charles Jacobs of the crime of nuisance, committed as follows: The said Charles Jacobs, on the first day of May, 1886, and on divers other days or times between said first day of May, 1886, and the finding of this indictment, did wrongfully and unlawfully erect, continue and use a certain building and place, in which said building and place the said Charles Jacobs did keep intoxicating liquors with the intent then and there to sell the same in said building and place in violation of law, and did then and there sell the same in violation of law and contrary to the statutes in such cases provided. That the said building and place is commonly known as a brewery, and is situated on the northeast quarter of the southeast quarter of the southwest quarter of section 35, township 90 N., range 19 W., 5 P. M., in Franklin county, Iowa." On the trial defendant objected to the introduction of any evidence in support of the indictment, on the ground that it was not charged therein that the offense was committed in Franklin county; and after the verdict was returned he moved in arrest of judgment on the same ground. The objection is not well founded. The indictment must aver that the offense was committed or is triable in the county in which it was found. But it is sufficient if it can be understood therefrom that the offense was committed within the jurisdiction. Code, sec. 4305, subd. 3. Technical exactness of language is not required. The last clause of the indictment alleges with sufficient certainty that the building and place which defendant is charged in the preceding part of the indictment with having kept and maintained, was situated in Franklin county. True, the averment is that said building *is* situated, etc., and, technically, this fixes its location at the time the indictment was found, while the offense was committed before that. But the indictment covers not only the day designated therein, but all other days between

<div style="margin-left:2em">1. LIQUOR nuisance: indictment: averment of county.</div>

The State v. Jacobs.

that and the day on which it was found. The averments, in effect, are that defendant did, on the twenty-sixth day of May, 1886, use, and continuously from that day to this has used, a building and place which is situated in Franklin county, for the unlawful purpose charged. Very clearly, we think, the averment as to the location of the building should be understood as referring to its location at the time of the unlawful use.

II. The district court instructed the jury that the defendant might be convicted if the evidence showed that he maintained and used the building described for the unlawful purpose charged at any time within three years before the finding of the indictment, which was March 24, 1887; also that beer is an intoxicating liquor, the sale or keeping for sale of which is prohibited by the statute. Appellant set out in his abstract what he claims was the evidence introduced on the trial. But it was shown by an amended abstract filed by the attorney general, the correctness of which was not denied, that the evidence was not preserved either by a bill of exceptions or in the manner prescribed by section 4436 of the Code, and we cannot therefore consider what was set out by appellant as the evidence. But the presumption is that the instructions were based upon the evidence. Under them, then, defendant might be convicted upon proof that he kept a place in which he sold beer, or kept it for sale, at any time between March 24, 1884, and March 24, 1887. But the statute which prohibits the sale of beer, and the keeping of that liquor for sale, did not take effect until July 4, 1884. Laws 1884, ch. 143; Code, sec. 34; Const., sec. 26, art. 3. Before the taking effect of that act the sale of beer or the keeping of it for sale was lawful. Code 1873, sec. 1555. The instructions are therefore erroneous, in that they would permit the conviction of defendant on proof that he did an act which was not prohibited by law when done, and the presumption in the absence of the evidence is that they were prejudicial.

2. ——: instruction: sale of beer prior to July 4, 1884.

REVERSED.