STATE OF IOWA V. JAMES CAFFREY, Appellant.

94  65
107 708

94  65
116 207

94  65
119 450

**Indictment** is not fatally defective because it says "keep" instead of
' to keep."

*Appeal from Floyd District Court.*—HON. P. W. BURR,
Judge.

TUESDAY, APRIL 2, 1895.

Indictment for a liquor nuisance. Judgment of
conviction, and the defendant appeals.—*Affirmed.*

*J. S. Root* for appellant.

*Milton Remley,* attorney general, *Thos. A. Cheshire,*
and *Robt. Eggert* for the state.

Granger, J.—I.   The following is the charging
part of the indictment:   "The said Jim Caffrey, on the
first day of May in the year of our Lord 1894, in the
county aforesaid, and on divers other times and occa-
sions between the first day of January, 1894, and the
finding of this indictment, in the county aforesaid, did
erect, maintain, establish, and continue to use a certain
building, buildings, erection, or place situated on lots
four and five of block ten of St. Charles, 'Floyd county,
Iowa, now Charles City, in the county aforesaid, keep
for sale, sell, and keep with intent to sell, intoxicating
liquors, to-wit, beer, whisky, gin, and all other kinds of
intoxicating liquors, contrary to the statute and law
made in such cases, provided, and against the peace
and dignity of the state of Iowa, and the laws thereof."
It is urged that the indictment is not sufficient because
"there is no allegation in said indictment as to Jim

Caffrey, except that he erected, maintained, etc., a certain building in the county aforesaid," and "there is no further allegation against Jim Caffrey or any one else;" and appellant again says: "The indictment goes on to utter the abstract proposition, 'keep for sale, sell, and keep with intent to sell,' referring to no one, and it cannot even be said to refer to any time." If the word "to" was before the words of the indictment, "keep for sale, and keep with intent to sell, intoxicating liquors," it would be good, beyond reasonable criticism. The omission of the word is not fatal. Our statute provides that, as to the act charged as an offense, it is sufficient if it is "in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, and the court to pronounce judgment upon a conviction according to the law of the case." Code, section 4305. The technical exactness of the common law is not required. *State v. Johnson*, 26 Iowa, 407. No two or more persons of common understanding would read this indictment, and fail to understand the meaning, or differ materially in regard thereto. The trial of the indictment was a practical test of its sufficiency under the rule. The testimony was directed to a well-understood issue of fact, and the court, without difficulty, pronounced the law applicable to the case, in so far as concerned the issue of the fact upon the indictment.

It is said that the court failed to commit itself to "what statement of facts in the indictment determined the offense." An instruction given concisely and conclusively answers the claim: "(6) If you find from the evidence introduced upon the trial, under these instructions, that the defendant, between the first day of January, 1894, and the twenty-fourth day of May, 1894, on lots four and five in block ten of St. Charles, now Charles City, in Floyd county, Iowa, did maintain or continue

to use a certain building or place wherein he sold, kept for sale, or kept with intent to sell, intoxicating liquors of any sort or character, in violation of law, whether as clerk, agent, servant, or as principal, then you ought to find the defendant guilty. If you do not so find beyond a reasonable doubt, then you should find the defendant not guilty."

It is further urged that the evidence does not support the verdict, but we think that it does, to such an extent as to preclude our interference.—*Affirmed.*