### Supreme Court—Special Term—Kings County.

September, 1898.

## PEOPLE v. THEODORE B. WILLIS.

1. INDICTMENT—SUFFICIENCY.

An indictment, which alleges that the accused was the commissioner of city works, and on a certain day unlawfully and feloniously agreed to employ a person to do certain public work if such person would cease to dispute a claim of accused's firm, and would give notes therefor, and that the contract was so arranged as to make the first payment for the work precede the maturity of the notes, and that such person did give notes to the accused and the latter did so employ a person agreed on, who was paid out of the city fund, and that the said notes were then paid, is a sufficient statement of the acts constituting the offense prescribed by section 72 of the Penal Code.

2. BRIBERY—OFFICER.

The defendant is within the description of the public officers affected.

3. SAME—ILLEGALITY OF CONSIDERATION.

The fact that the notes were void because of the corrupt agreement under which they were given, cannot avail the defendant.

4. INDICTMENT—DUPLICITY.

In order to render an indictment bad for duplicity where a second charge is defectively presented, it must be clear that it was intended to set out more than one offense; otherwise, the additional matter will be rejected as surplusage.

Demurrer to indictment for bribery.

Josiah T. Marean, District Attorney, for the People.

Nicoll, Anable & Lindsay (Benjamin F. Tracy, Albert E.
Lamb, De Lancey Nicoll, and John D. Lindsay, of counsel),
for defendant.

HIRSCHBERG, J.—The defendant demurs to an indictment
for bribery on the ground (1) that it does not contain a plain
and concise statement of the act constituting the crime, and in
the former prescribed by the Code of Criminal Procedure; (2)
that more than one crime is charged; and (3) that the facts
stated in the indictment do not constitute a crime.

The indictment in substance charges that the defendant, on
July 14, 1897, was commissioner of city works of the city of
Brooklyn, and, as such, had power to employ some one to do
certain grading, filling, paving, and repaving on New Utrecht
avenue, in said city; that on that day he unlawfully and felo-
niously agreed with one Daniel Doody to employ the latter, or
some one in his interest, to do said grading, filling, paving, and
repaving, if Doody would cease to dispute a claim then asserted
against him by a firm of which Willis was a member, and
would give his promissory notes in settlement of such claim;
that, as a part of the same corrupt agreement, it was further
agreed that the terms of the contract would be so arranged by
the defendant that the first payment under it should precede
the date of the maturity of the notes; that Doody did give such
notes to the defendant on said day, and the defendant there-
after, in pursuance of the agreement, did employ one Daniel F.
Doody, in said Daniel Doody's interest, to do the work referred
to, which work was paid for by the city of Brooklyn, the first payment
ment being made on September 10, 1897; and that thereafter
the notes were paid.

The indictment contains a sufficient statement of the act
constituting the offense.    By section 72 of the Penal Code it is
provided that any officer therein referred to who asks, receives,
or agrees to receive a bribe, or any money, property, or value
of any kind, or any promise or agreement therefor, upon an
understanding that his official action will be influenced thereby,
is punishable for bribery.    The defendant is within the descrip-
tion of the public officers affected.    People v. Jaehne, 103 N

Y. 182, 8 N. E. 374. The statute in terms includes a promise to pay, and such promise, whether verbal or written, is equally within the prohibition of the law. The fact that the notes were void because of the corrupt agreement under which they were given cannot avail the defendant. Public policy forbids the enforcement of a promise to pay a bribe, but no court has ever held that one exacting such a promise is therefore relieved of the penal consequences. Besides, as has been seen, the notes in question were paid at maturity.

The case relied on by the defendant's counsel is that of State v. Walls, 54 Ind. 561, in which it was held that a future illegal promise could not be considered as having any real value, and that the acceptance of a promissory note was not the taking of a bribe. The case is not in point. The statute under which the defendant there was prosecuted was aimed only at any officer who should " take any money, gift, property or undue reward, to influence his behavior," etc. The statute did not provide for bribery by means of a promise or offer to give something of value, but only by means of actual giving. The distinction is manifested by the same court in State v. McDonald, 106 Ind. 233, 6 N. E. 607, where it was held that the thing offered as a bribe need not be of any intrinsic value, provided it is proven to be of value to the person to whom it is given or offered ; and an offer to a school trustee to give him, on condition that he would purchase certain articles for the use of the schools at an agreed price, a receipt for a larger sum, to be used by him as a voucher in settling his accounts, the difference to be appropriated by him, is as much an offer of a bribe as if the trustee had been offered the difference in cash in case he would make the contract.

I do not find two crimes charged in the indictment. The crime was complete when the corrupt agreement was consummated, and the allegations of the subsequent acts of the defendant in employing Daniel F. Doody were unnecessary. The defendant claims that they present another offense in addition to the crime of bribery, viz. the willful neglect or omission of duty on the part of a public officer. But the indictment does not set forth any duty whatever devolving on the defendant as

a public officer which he is charged with willfully neglecting or omitting to perform. The indictment does, indeed, charge that Daniel F. Doody was employed without any advertisement for proposals, and without bona fide competition; but it is not stated that such advertisement and competition are required by law, or that the duty of advertising and securing competition devolved upon the defendant. Regarded as charge of willful neglect of duty, the indictment would therefore be defective. In order to render an indictment bad for duplicity where a second charge is defectively presented, it must be clear that it was intended to set out more than one offense; otherwise, the additional matter will be rejected as surplusage. Lohman v. People, 1 N. Y. 379; Dawson v. People, 25 N. Y. 399; Polinsky v. People, 73 N. Y. 65; People v. Laurence, 137 N. Y. 517, 33 N. E. 547.

The demurrer is accordingly disallowed, with leave, however, to the defendant, at his election, to plead to the indictment.

Ordered accordingly.