STATE OF IOWA v. E. T. DANKWARDT, Appellant.

**Indictment:** BRIBERY. An indictment charging the defendant with unlawfully and feloniously attempting to improperly influence a juror by requesting him to see that the right was done, that it would not be to his loss and by the use of similar language, is not insufficient on the ground that the words are in themselves innocent and proper and are not shown to have been used in an improper sense, under Code 1873, Section 4305 providing that an indictment is sufficient if it can be understood therefrom that the act charged as the offense is stated with such a degree of certainty in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended. The allegation that the words were used for an im-

proper purpose distinctly negatives that they were innocent and used with proper intent.

SAME. Such cases differ from libel where the speaking makes the crime. Here the words spoken are or may be the unlawful means and they may be charged without innuendo.

SAME. An indictment for attempting to improperly influence a juror charged that accused "did unlawfully attempt to influence another as a juror * * * with intent to improperly influence his actions and findings as a juror in said cause." *Held.* to sufficiently charge that accused knew such person was a juror.

DEEMER, C. J. and WATERMAN, J., dissenting.

SAME. The omission in an indictment for an attempt to corrupt a jurror of the abreviation "Jr." to the name of a party to the suit in which the crime is alleged to have been committed is not a material variance. The term "junior" is not a part of a name.

VARIANCE. An indictment charged accused with attempting to improperly influence a juror by requesting him to "see that right was done that it would not be to his loss," and by the use of language of like import. The evidence showed that accused said to the juror: "You are the only friend I have on the jury and I want you to look after my rights. How will it go? I will make it all right. It will not be to your loss when we meet again." *Held* to be not a material variance.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW, Judge.

THURSDAY, DECEMBER 15, 1898.

FROM a verdict and judgment finding the defendant guilty of attempting to corrupt a juror, this appeal is taken. —*Affirmed.*

*C. L. Poor, Lamonte Cowles,* and *C. A. Carpenter* for appellant.

*Milton Remley,* Attorney General, and *Jesse A. Miller* for the State.

DEEMER, C. J.—The charging part of the indictment is as follows: "The said E. T. Dankwardt, on or about the 30th day of January, 1897, in the county aforesaid, one Jacob Reiss, a juror, then and there duly sworn and impaneled to

try a certain cause then pending and on trial in the district court of Des Moines county, Iowa, to-wit, the case wherein Mary Mahoney was plaintiff and E. T. Dankwardt was defendant, did unlawfully and feloniously attempt to improperly influence the said Jacob Reiss as a juror in said cause in relation to the same by then and there requesting said Jacob Reiss to see that the right was done, that it would not be to his loss, and by the use of language of like import, the exact words being to the grand jury unknown; all said language being used with the purpose and intent on the part of said E. T. Dankwardt to improperly influence said Jacob Reiss in his actions and findings as a juror in said cause." To this the defendant demurred on the grounds: (1) That the facts stated do not constitute a crime; (2) the facts alleged show that defendant did no more than request the juror to do his duty; (3) the acts stated might, under certain circumstances, be lawful, and there are no facts stated showing them to have been unlawful; and (4) it is not alleged that defendant knew Jacob Reiss was a juror at the time the alleged improper attempt to influence him was made. This demurrer was overruled, and this ruling is made the basis for the first assignment of error.

The section of the statute under which the indictment was found is as follows: "If any person attempt to improperly influence any juror in any criminal or civil action, or any one drawn, summoned, appointed or sworn as such juror, * * * he shall be punished," etc. Code 1873, section 3946. It is contended in argument that the words alleged to have been spoken were in themselves innocent and proper, and that, as there are no words showing them to have been used in an improper sense, no crime is charged. This argument is based upon a misconstruction of the language said to have been used by the defendant. The charge is that defendant unlawfully and feloniously attempted to improperly influence the juror Reiss by stating to him: "See that the right is done. It will not be to your loss," and other

words of like import, with intent on the part of the defendant to improperly influence the said juror in his actions and findings in the case. It seems to us that the idea that the words were used in a legitimate way and for a proper purpose is distinctly negatived. Among other tests by which an indictment is to be tried, the statute (Code 1873, section 4305) names the following: "The indictment is sufficient if it can be understood therefrom * * * that the act charged as the offense is stated with such a degree of certainty, in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended and the court to pronounce judgment upon a conviction according to the law of the case." Tried by this test, we think it clearly appears that the defendant used the words spoken for an unlawful purpose, and with the intent to improperly influence the juror. It is not necessary or proper, either in a civil or criminal case, to plead evidence. Ultimate facts only are to be stated. Of course, the means used to accomplish the end must be stated in such a case as this. But we find they are set forth "in ordinary and concise language, and in such manner as to enable a person of common understanding to know what was intended."

Further, it is said that the means used to accomplish the end were not unlawful; that it is perfectly proper to say to a juror: "See that the right is done. It will not be to your loss." No doubt this might be true under some circumstances. But where, as in this case, it was said in an attempt to unlawfully influence the juror, and with attempt to improperly influence his conduct as such juror, as charged in the indictment, the act is unlawful. It is quite important that we distinguish this case from one wherein the speaking of the words themselves constitutes a crime,—as in an indictment for libel, where an innuendo is often needed to explain the language used in order that its defamatory sense may appear. In such a case the gist of the offense is the publishing of the words. Here the culpable

.wrong is the attempt to improperly influence a juror. The words spoken are simply the means used, and no innuendo is necessary.

Again, it is said that the indictment simply follows the language of the statute, and that this is insufficient, for the reason that the statute does not set forth all the elements necessary to constitute the offense. We are quite ready to agree that it would be insufficient to say in the language of the statute that the defendant attempted to improperly influence the juror Reiss, for that would simply be following the statute, and the statute does not set forth all the elements of the crime. See *State v. Butcher,* 79 Iowa, 110. But here the acts constituting the offense are stated, and every element of the crime appears, unless it be found that it is not alleged that defendant knew Reiss was a juror at the time he made the statements to him. And this brings us to the last objection made to the indictment. It may be that such an allegation was necessary at common law. We have frequently said, however, that the technical exactness of the common law is not required by our statutes. *State v. Johnson,* 26 Iowa, 407; *State v. Caffrey,* 94 Iowa, 65. The majority of the court are of the opinion that, while it would have been better to have specifically charged that defendant knew Reiss was a juror at the time he attempted to influence him, yet they think that to a person of common understanding it clearly appears from the language used, and the manner in which it is stated, that it is charged, and that defendant knew Reiss was a juror. Their thought is that it is difficult to see how one may "unlawfully attempt to influence another" as a juror, "with intent to improperly influence his action and findings as a juror in the case," without knowing him to be a juror; and that the words used necessarily import knowledge of the capacity in which that the other was acting. They are further of opinion that, while an indictment cannot be aided by intendment or construction, yet where the means used to accomplish the crime named in the statute are fully set forth,

and the indictment then follows the language of the statute, it is, as a general rule, held sufficient,—relying upon *State v. Potter*, 28 Iowa, 554; *State v. Griffin,* 79 Iowa, 568; *State v. Jacobs,* 75 Iowa, 247. Further, they think that when knowledge of an essential element of the offense is implied in the statement of the act itself, nothing more need be stated than the doing of the things prohibited, as stated in Wharton Criminal Pleading, section 164. In the case of *State v. Porter,* 105 Iowa, 677, we held that an indictment which charged subornation of perjury in the language of the statute was sufficient, and said that such an indictment is sufficient in all cases where the statute so far individuates the offense that the offender has proper notice from the statutory terms of the particular crime charged. Following that rule, the majority believe that the indictment in this case is good and sufficient. The writer and Mr. Justice Waterman do not concur in these conclusions. They think knowledge that Reiss was a juror was an essential element of the offense, and should be directly charged, and that such fact cannot be gathered from inference, intendment, or argument. They rely upon section 4298 of the Code of 1873; *State v. Callendine,* 8 Iowa, 288; *Pettibone v. U. S.* 148 U. S. 197 (13 Sup. Ct. Rep. 542); *State v. Howard,* 66 Minn. 309 (68 N. W. Rep. 1096), which is directly in point; *Com. v. Boynton,* 12 Cush. 499; and Bishop Directions & Forms, section 247.

II. From the evidence it appears that the language used by the defendant to the juror was: "You are the only friend I have on the jury, and I want you to look after my rights. How will it go? I will make it all right. It will not be to your loss when we meet again." It is claimed that there is a material variance between the allegations of the indictment and the proof. We have already called attention to the distinctions between this case and one of libel, and need only add that the indictment charges, not only the use of the words quoted, but also others of like import. Those proven were of like import to the ones alleged, and there was no variance.

III.   It appears that there were two suits pending in the district court of Louisa county at the time it is charged defendant committed the alleged crime.   One was entitled "Mary Mahoney vs. E. T. Dankwardt," and the other "Mary Mahoney, Jr., vs. E. T. Dankwardt."   Reiss was a juror in the latter case, and not in the former, and the former case has never been tried.   This is also claimed to be a material variance.   It is well settled that the terms "Junior" and "Senior" are no part of a name.   *Com. v. Parmenter,* 101 Mass. 211; *Brainard v. Stilphin,* 6 Vt. 9.   The addition of the abbreviation "Jr." to the name of Mary Mahoney added nothing thereto, and should be regarded as surplusage.   Neither the omission nor the insertion of the character after the name should be treated as a variance.   *Ross v. State,* 116 Ind. 495 (19 N. E. Rep. 451); *Com. v. Perkins,* 1 Pick. 388; *State v. Thompson,* 19 Iowa, 299; *State v. Williams,* 20 Iowa, 99.

IV.   Some of the instructions given by the court are complained of.   It is not important that we set them out.   Suffice it to say that they correctly announce the law as applied to the facts of the case.   Defendant's requests, in so far as they embodied correct rules of law, were given by the court in its charge.   The majority are of opinion that there is no prejudicial error, and the judgment is AFFIRMED.

DEEMER, C. J., and WATERMAN, J., dissent.