## ROBINSON *v.* STATE OF INDIANA.

[No. 22,915.   Filed June 22,1916.]

1.  INDICTMENT AND INFORMATION.—*Motion to Quash.*—*Sufficiency.*— Under §2065, cl. 2, Burns 1914, §1759 R. S. 1881, providing for motions to quash an affidavit or indictment where it appears on the face thereof that the facts charged in the indictment or affidavit do not constitute a public offense, a motion to quash is sufficient if in the language of the statute, and §344 Burns 1914, Acts 1911 p. 415, concerning the filing of demurrers in civil causes, has no application to such motions.  p. 122.

2.  INDICTMENT AND INFORMATION.—*Defects.*—*Waiver.*—*Failure to Object.*—*Waiver.*—Where an indictment or affidavit has not been challenged by a motion to quash for uncertainty under §2065, cl. 4, Burns 1914, §1759 R. S. 1881, providing that an indictment or affidavit may be quashed when the offense is not stated with sufficient certainty, the consideration of any question predicated on such uncertainty is waived.  p. 123.

3.  BRIBERY.—*Affidavit.*—*Sufficiency.*—*Scienter.*—An affidavit for bribery under §2378 Burns 1914, §2009 R. S. 1881, which averred substantially that A was a prosecuting attorney and as such was charged with prosecution of an indictment against the defendant; that "the defendant had been duly indicted by the grand jury of said county, as she, the said defendant then and there well knew," and that with such knowledge she offered to A a specified sum of money to corruptly influence him to dismiss the prosecution upon the indictment is not defective as failing to allege that the defendant knew A's official character, since the act charged necessarily implies such knowledge; and this would be true regardless of

§343a Burns 194, Acts 1913 p. 850, authorizing a more liberal rule in construing pleadings in civil and criminal proceedings. p. 125.

4. APPEAL.—*Briefs.—Sufficiency.—Rules of Court.*—Rule 22 of the Supreme Court requires that appellant's briefs should contain a concise statement of so much of the record as fully presents every error and exception relied on, so that each judge may intelligently consider each question presented by a consideration of the briefs alone. p. 126.

5. APPEAL.—*Briefs.—Specification of Errors.*—Where appellant excepted to the alleged erroneous ruling of the trial court in sustaining an objection to a certain question, but fails to set out the objection in his brief, no question as to such ruling is presented for review. p. 126.

6. APPEAL.—*Briefs.—Specification of Errors.*—Where appellant seeks to predicate error on the trial court's action in sustaining objections to questions propounded to his witnesses, but his brief shows neither an offer to prove nor exception reserved, no question is presented for review on appeal. p. 127.

7. CRIMINAL LAW.—*Appeal.—Briefs.—Narrative of Evidence.—Instructions.*—Where appellant seeks to predicate error on the giving or refusal of instructions, but his brief fails to set out the evidence in narrative form, as contemplated by Rule 22 of the Supreme Court, there is presented for consideration only the applicability of the instructions to any state of the evidence competent under the issues. p. 127.

8. CRIMINAL LAW.—*Appeal.—Review.—Record.—Statement of Attorney.—Acquiesence.*—Where, on appeal, the assertion of one party as to what the record shows concerning certain instructions is uncontroverted, the court is authorized to accept such assertion as correct without an examination of the record. p. 128.

From Blackford Circuit Court; *William H. Eichhorn,* Judge.

Prosecution by the State of Indiana against Bessie Robinson. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Pursley & Peterson, George W. Cromer* and *Harry Long,* for appellant.

*Evan B. Stotsenburg,* Attorney-General, *Lee F. Sprague, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson* and *Wilbur T. Gruber,* for the State.

MORRIS, J.—Appellant was convicted of offering a bribe to a prosecuting attorney under §2378 Burns 1914, §2009 R. S. 1881, which provides that: "Whoever corruptly * * * offers to any * * * prosecuting attorney * * * any money * * * to influence his action * * * in any matter pending * *. * shall, on conviction, be imprisoned" * * *. The affidavit, on which the prosecution rested, charges: "That, heretofore towit, on the 24th day of July, 1913, at the County and State aforesaid, one Lee F. Sprague, was then and there the duly elected and qualified prosecuting attorney in and for the twenty-eighth judicial circuit, of the State of Indiana, and as such officer was charged with the duty of prosecuting an indictment against Bessie Robinson for the crime of keeping, running and operating a place where intoxicating liquors were sold in violation of the laws of the State of Indiana, and being unlawfully found in possession of such intoxicating liquors to be sold for such purpose (being commonly known as the blind tiger charge) for which crime Bessie Robinson, had then and there been duly indicted by the grand jury of said County, as she, the said Bessie Robinson, then and there well knew, and with such knowledge the said Bessie Robinson did then and there unlawfully, feloniously and corruptly offer to the said Lee F. Sprague, two hundred ($200.00) dollars, lawful money of the United States of America, with the corrupt purpose then and there to influence the official action of the said Lee F. Sprague as such prosecuting attorney, and to induce the said Lee F. Sprague, prosecuting attorney, to dismiss a prosecution against the said Bessie Robinson upon said indictment returned by the grand jury of the county and State aforesaid, in the Blackford Circuit Court of Indiana, charging

her, the said Bessie Robinson, with keeping, running and operating a place where liquors were unlawfully sold, in violation of the laws of the State of Indiana, and being unlawfully found in possession of liquors for the purpose of selling same in violation of the laws of the State of Indiana, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

Appellant filed a motion to quash on the following ground only: "The facts stated in said affidavit do not constitute a public offense." §2065, cl. 2, Burns 1914, §1759 R. S. 1881. The overruling of this motion is assigned as error. It is contended by appellant that the affidavit is fatally defective because it fails to allege that appellant knew Sprague was prosecuting attorney when she offered the bribe, and *Banks* v. *State* (1901), 157 Ind. 190, 60 N. E. 1087, and *State* v. *Howard* (1896), 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178, 61 Am. St. 403, and other authorities are cited in support of the proposition. The Attorney-General, among other things, claims that appellant waived her right to a consideration of the question, because of the provisions of §2 of an act approved March 4, 1911, (Acts 1911 p. 415, §344 Burns 1914), which, in civil causes, requires a party demurring to specify the defect in the challenged pleading. *Hedekin Land, etc., Co.* v. *Campbell* (1916), 184 Ind. 643, 112 N. E. 97. We do not assent to such

1. theory. Section 2065 Burns 1914, *supra*, provides for motions to quash indictments or affidavits, and is §194 of the Public Offense Act of 1905 (Acts 1905 p. 626). The statute is a substantial re-enactment of §184 of the Criminal Procedure Act of 1881 (Acts 1881 p. 114, §1759 R. S. 1881). The second clause of the section

performs, in criminal pleading, substantially the same function as did the general demurrer to a complaint in a civil action before said amendment of 1911, while the fourth clause of said section provides a method of challenging the indictment somewhat analogous to the provision of our Civil Code which recognizes motions to make pleadings more definite and certain. §385 Burns 1914, §376 R. S. 1881. We are of the opinion that said act of 1911 was not designed to control motions to quash, and that the latter are sufficient if in the language of the statute. *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Davis* v. *State* (1879), 69 Ind. 130.

It is also suggested by the Attorney-General that the phrase, "as she * * * well knew," relates as well to the averment of the election and qualification of the prosecutor as to that of the return of the indictment. See *Wilkinson* v. *State* (1858), 10 Ind. 372; *Steeple* v. *Downing* (1878), 60 Ind. 478; 31 Cyc 87. In view of the conclusion we have reached, this claim is not determined, and, for the purposes of this decision, the averment of knowledge is treated as referring only to the return of the indictment.

Where there is an entire absence of averment of some material ingredient of the offense, the indictment will not repel a motion to quash based on the second clause of §2065 Burns 1914, *supra;* and, if there be an attempt to aver such ingredient, but in uncertain language, the indictment must succumb to a motion to quash based on the fourth clause of said section. §343a Burns 1914, Acts 1913 p. 850. The indictment here was not

2. challenged by motion to quash for the uncertainty contemplated by said fourth subdivision, and consequently the consideration

of any question that might have been presented by resort to such clause has been waived. *Trout* v. *State* (1886), 107 Ind. 578, 8 N. E. 618; *Stewart* v. *State* (1888), 113 Ind. 505, 509, 16 N. E. 186; *Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130; *Robinson* v. *State* (1911), 177 Ind. 263, 97 N E. 929.

In *Banks* v. *State* (1901), 157 Ind. 190, 60 N. E. 1087, the defendant was charged with bribing a "designated" election officer under §2379 Burns 1908, Acts 1905 p. 695. It was said in the opinion that an allegation of knowledge of official character of the person to whom the bribe was offered is necessary, and *State* v. *Howard* (offering bribe to juror), *supra,* and *Pettibone* v. *United States* (1892), 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419, were cited. In the latter case it was said: "In cases of that sort it is the official character that creates the offence, and the scienter is necessary. * * * This is so whenever knowledge is an essential ingredient of the offence, and *not implied in the statement of the act itself.* Wharton Cr. Pl. & Pr. §164." (Our italics.) In said section 164, Wharton says: "Where the statement of the act itself necessarily includes a knowledge of the illegality of the act, no averment of knowledge is necessary." This qualification of the general rule is generally recognized. *State* v. *McDonald* (1886), 106 Ind. 233, 238, 6 N. E. 607; *Commonwealth* v. *Bailey* (1904), 26 Ky. Law Rep. 583, 82 S. W. 299; *State* v. *Dankwardt* (1898), 107 Iowa 704, 77 N. W. 495. In *Banks* v. *State, supra,* the averments did not involve a consideration of said qualification of the general rule. The acts alleged did not imply knowledge of official character. Indeed it was held that there was no sufficient allegation of legal appointment to office of the person to whom the

alleged bribe was offered. In *State* v. *McDonald*, *supra*, the indictment did not directly or expressly allege that the defendant had knowledge of the official character of the person to whom the offer was made, but this court held that knowledge was implied. To the same effect, see *Commonwealth* v. *Bailey*, *supra*, and *State* v. *Dankwardt*, *supra*.

Here, for testing the motion to quash, appellant admits the truth of the following allegations of the affidavit: That Lee Sprague was the prosecuting attorney of Blackford County, and was charged with the prosecution of an indictment against appellant, which she knew had been returned and, with such knowledge, she corruptly offered said Sprague the sum of $200 to influence his official action and to induce him to dismiss said indictment. The act averred necessarily implies knowledge of Sprague's official character.

3. A person of common understanding could not mistake the purport, for no hypothesis of ignorance of official character is reconcilable with the act averred, and courts should not pretend ignorance of what all mankind knows. Assuming that it was necessary to aver knowledge of official character, the affidavit was sufficient.

Appellant contends that the fact in controversy must have been averred directly and positively. *Axtell* v. *State* (1909), 173 Ind. 711, 91 N. E. 354, pursued such line of reasoning, but was overruled in *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819. Since then, and before the filing of this affidavit, the act approved March 15, 1913, took effect. Acts 1913 p. 850, §343 Burns 1914. The effect of this act is the requirement of a more liberal rule in construing criminal and civil pleadings, in certain respects, and the elimination of certain common-law technicalities which, if ever defensible, long

ago ceased to subserve any rational purpose in our system of jurisprudence. The Attorney-General cites the statute of 1913, *supra,* as applicable here, but we are satisfied of the sufficiency of the affidavit to state an offense under §2378 Burns 1914, *supra,* regardless of said act of 1913. *State* v. *McDonald, supra; Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Norton* v. *State* (1881), 74 Ind. 337.

Appellant seeks to present various questions arising on alleged errors in overruling her motion for a new trial. The Attorney-General, in appellee's brief, contends that in the main nothing is presented for consideration on such subject, because of appellant's failure to comply with Rule 22 of this court in regard to the preparation of her brief. It appears that in such regard little consideration has been given to said rule, and, notwithstanding that the deficiencies are pointed out in appellee's brief, there was no motion by appellant to so amend as to comply with the court rule, nor was any reply brief filed. The rule requires, among other things, a concise statement of so much of the record as fully presents every error and exception relied on. This rule was designed, among other things, to enable each judge to intelligently consider each question presented without resort to the record. *Schreiber* v. *Worm* (1904), 164 Ind. 7, 72 N. E. 852.

It is sought to present many questions in relation to the admission and exclusion of evidence, but in all particulars save one it is not shown by appellant's brief that she excepted to the court's rulings, and, in the excepted instance, where an exception was reserved, and the alleged error was in sustaining an objection by appellee to a question propounded by appellant to a witness

on the stand, the brief fails wholly to set out the objection which the court sustained. In the absence of the objection on which the court's ruling was based, no question is presented. Appellant, in other instances, has predicated error on the court's action in sustaining objections to questions propounded to her witnesses on their examination in chief. Neither an offer to prove, nor an 6. exception reserved, appears from appellant's brief, and nothing is presented for review here. *Whitney* v. *State* (1899), 154 Ind. 573, 57 N. E. 398. The brief is so defective, in the above and other particulars, in relation to evidence admitted and excluded, that a decision on the points raised would require this court to take the record and perform the work lawfully devolving on appellant's counsel in the preparation of their brief, and the proper observance of the rules of court forbid such action. It is proper to say in this connection that, while Rule 22 is plain, and while the clerk under the order of court, furnishes a party with a printed copy of the court's rules on the delivery of the record for briefing, yet, where an appellant has failed in his brief to properly follow the rules, great liberality has been exercised by this court in granting leave to amend, on timely application therefor. Here, with the defects pointed out in appellee's brief, neither was amendment sought nor reply made. *Pry* v. *Ramage* (1911), 176 Ind. 446, 96 N. E. 385.

Error is predicated on the giving of certain instructions, and the refusal to give others tendered. The evidence is not set out in appellant's 7. brief, in narrative form, as contemplated by Rule 22, and there is left for consideration only the application of the instructions given or refused to any state of the evidence competent under

the issues. *Indianapolis Traction, etc., Co.* v. *Ripley* (1910), 175 Ind. 103, 108, 93 N. E. 546, and authorities cited. Considering the instructions given as a whole, we cannot say there was error as to the giving of any one complained of.· As to appellant's requested instructions that were refused, the Attorney-General says the record shows that they were not signed by appellant or her counsel, as required by §2136 Burns 1914, Acts 1905 p. 641. *Bader* v. *State* (1911), 176 Ind. 268, 94 N. E. 1009, and authorities cited. The proposition of the Attorney-General is not controverted by appellant, and consequently we are authorized in accepting the statement as correct without examination of the record.

Error is assigned on the overruling of appellant's motion in arrest of judgment, which avers that the facts stated in the affidavit do not constitute a public offense. What we have decided on the motion to quash disposes of this question.

Judgment affirmed.

NOTE.—Reported in 113 N. E. 306. Elements of the crime of bribery, 116 Am. St. 38. Jurisdiction or authority of an officer to act, as an element, note 15 L. R. A. (N. S.) 1173. See under (3) 9 C. J. 411; 5 Cyc 1043.