## AXTELL v. THE STATE OF INDIANA.

[No. 21,498. Filed March 30, 1910.]

1. EMBEZZLEMENT.—*Larceny.—Differences.*—The crime of embezzlement imports that the defendant converted to his own use the property of another that was rightfully in his possession, while larceny imports that the defendant unlawfully took another's property and converted it to his own use. p. 713.

2. INDICTMENT AND INFORMATION.— *Allegations.— Recitals.*—The facts constituting a crime must be positively and unequivocally averred, mere recitals being insufficient. p. 713.

3. EMBEZZLEMENT.—*Indictment and Information.—Trust Relation.* —An indictment for embezzlement must positively allege a trust relation between the defendant and the injured party, and that by reason thereof the defendant obtained possession of the property that he converted. p. 714.

4. EMBEZZLEMENT.—*Indictment.—Allegations.—Recitals.*— An indictment charging that defendant, "being then and there an officer, agent and employe" of a certain building and loan association, "then and there had access to, the control and possession of" $700 of its money, and "then and there had access to, control and possession of said sum of money by virtue of, and because of, his then and there being an officer, agent and employe" of said association, and that he feloniously converted such money to his own use, is insufficient, there being a failure to show that defendant as such officer, agent or employe of such association was rightfully in possession of such money. p. 715.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Prosecution by The State of Indiana against Harry A. Axtell. From a judgment of conviction, defendant appeals. *Reversed.*

*Joseph E. Henley, Rufus H. East,* and *Robert G. Miller,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

HADLEY, C. J.—The appellant was convicted of embezzle‐ment, under §2285 Burns 1908, Acts 1905, p. 584, §392, and appeals to this court. There were four counts in the indict‐ment, to each of which a motion to quash, for failure to state a public offense, was overruled.

The first count, omitting formal parts, is as follows: "That Harry A. Axtell, late of said county, on September 14, 1907, at said county and State aforesaid, being then and there an officer, agent and employe of the Real Estate, Building and Loan Fund Association of Bloomington, Indi‐ana, which said Real Estate, Building and Loan Fund Asso‐ciation was then and there an association theretofore organ‐ized under the laws of the State of Indiana, which said asso‐ciation was then and there carrying on the business of re‐ceiving on deposit moneys and loaning the same, and receiv‐ing moneys in payment of said loans at the city of Bloom‐ington in said county and State, said Harry A. Axtell, then and there had access to, control and possession of a certain sum of money, to wit, the sum of $700, of the value of $700; said Harry A. Axtell then and there had access to, control and possession of said sum of money by virtue of and be‐cause of his then and there being an officer, agent, and em‐ploye of said Real Estate, Building and Loan Fund Associa‐tion as aforesaid, to the possession and ownership of which said Real Estate, Building and Loan Fund Association was then and there lawfully entitled, and said Harry A. Axtell did then and there unlawfully, feloniously, wilfully and fraudulently take, purloin, secrete and appropriate to his own use said sum of money aforesaid, contrary," etc.

Appellant insists that this count fails to charge a public offense, for two reasons: (1) Because it contains no direct averment of a confidential relation between appellant and the loan association, and (2) because it contains no aver‐ment that appellant, at the time of the alleged wrongful act, was intrusted by the loan association with the money he is alleged to have embezzled. The consideration of these points

naturally blends, and they will, therefore, be considered together.

To start with, it should be borne in mind that the basic difference between the crime of larceny and that of embezzlement is that the former is predicated upon the wrong-

1. ful taking of property with intent upon its conversion, and the latter upon a wrongful conversion of property rightfully in possession. The former may take place among strangers, while the latter can only be consummated in cases where, by virtue of a special confidential relation, the defendant has been intrusted with access and possession. Larceny and embezzlement chiefly differ in the manner of obtaining possession, and to enable the court to distinguish the particular offense preferred, and to test the legal sufficiency of the charge, as well as to avoid a subsequent conviction for the same offense, it is highly essential

2. that whatever circumstances or facts are necessary to constitute the offense imputed must be averred positively and unequivocally. Such has always been the law with respect to indictments generally. 1 Chitty, Crim. Law, *231; Starkie, Crim. Pl., 73; Bishop, Crim. Proc. (4th ed.), §554; *Dillon* v. *State* (1857), 9 Ind. 408; *Whitney* v. *State* (1858), 10 Ind. 404 ; *Flinn* v. *State* (1865), 24 Ind. 286; *State* v. *Locke* (1871), 35 Ind. 419; *Colip* v. *State* (1899), 153 Ind. 584, 74 Am. Stat. 222; *Vinnedge* v. *State* (1906), 167 Ind. 415; *Wright* v. *State* (1907), 168 Ind. 643; *Terre Haute Brewing Co.* v. *State* (1907), 169 Ind. 242.

A criminal charge must be expressed positively and not with a ''that whereas,'' or by way of recital. Matter of inducement may be stated by way of recital, but the charge must be alleged in express and positive language. 1 Chitty, Crim. Law, *231. The certainty required in an indictment, in addition to a definition of the crime, is a clear and positive statement of the offense. A charge cannot be preferred by way of recital. A material fact stated only by recital is fatal on motion to quash. *Dillon* v. *State, supra.*

Again, referring to the same subject, we said in the case of *Terre Haute Brewing Co.* v. *State, supra,* that "the facts constituting an offense must be affirmatively averred, and not introduced by way of recital."

It was held in *McLaughlin* v. *State* (1873), 45 Ind. 338, that even the legislature cannot dispense with the necessity of setting out the facts constituting a crime.

It is vital to a charge of embezzlement, under §2285, *supra,* that it appear on the face of the indictment that at the time of the commission of the alleged offense there existed between the defendant and the injured party, by contract of employment or otherwise, the relation of special confidence, and that by virtue of such relation the accused was intrusted by the party defrauded with the property embezzled. *Smith* v. *State* (1867), 28 Ind. 321, 326; *Ritter* v. *State* (1887), 111 Ind. 324, 326; *Colip* v. *State, supra; Vinnedge* v. *State, supra; Wright* v. *State, supra;* 2 Bishop, Crim. Law (8th ed.), §352.

It was shown in the case of *Colip* v. *State, supra,* that the defendant lived in the family of the prosecuting witness on a farm, and occasionally performed for the witness such farm labor as feeding and caring for stock, building fences, hauling manure, and the like, and during the absence of the prosecuting witness, and without his knowledge or consent, the defendant loaded up, hauled to market and sold a quantity of wheat, which act he denied when accused. The defendant was convicted of larceny. In answer to the contention that the offense was embezzlement, and not larceny, the court said: "The access to, control, or possession of property of the servant or employe intended by the statute, is such access to, control, or possession as arises from the nature of the employment with reference to the particular article of property feloniously appropriated. Something more than mere physical access, or opportunity of approach to the thing, is required. There must be a relation of special trust in regard to the article appropriated, and it must

he by virtue of such trust that the servant has access to, or control, or possession of it. No such relation of trust exists between a farm hand and his employer, with reference to the master's wheat or other farm products with which the servant is not entrusted for the purpose of safekeeping, carriage, delivery or sale. If such a servant feloniously purloins, secretes, or otherwise appropriates, the property of the master, such taking is larceny, and not embezzlement." In the light of the foregoing principles, we direct attention to the averments of fact contained in the first count of the indictment.

It contains no allegation whatever that appellant, at the time of the alleged conversion, was an officer, agent, or employe of the loan association. The clause "being then and there an officer, agent and employe" is but a recital, and is not equivalent to a direct and positive averment of the fact. The participial phrase merely states a condition, and not a fact, and at best leaves in the mind of the court an element of doubt, whether the relationship recited as existing between appellant and the prosecuting witness was such as to make appellant's access to and possession of the money within the scope of duties he was employed to perform, or whether such office, agency or employment merely afforded appellant an opportunity to take it, as might reasonably arise were he but a director, a clerk, or janitor of the association. If the charge had been, in substance, that appellant was then and there the officer, agent and employe of said association, and by virtue of his said office and employment he then and there had access to, control and possession of $700 in money, to the possession of which money said association was then and there entitled, and said appellant while then and there in said office and employment, and in possession and control of said money by virtue thereof, did then and there feloniously, etc., our question would have been of a very different character.

The only fact charged in the first half of the indictment is that appellant "then and there [that is, on September 14, 1907, in Monroe county] had access to, control and possession of," $700. It is then next alleged that appellant "then and there had access to, control and possession of said sum of money by virtue of and because of his then and there being an officer, agent and employe of said" association. It will be noted that the allegation is that appellant had possession by virtue of his being an officer, agent and employe. Can any court determine from this averment, with reasonable certainty, whether the pleader meant to charge, merely, that by virtue and because of his being an officer, etc., the way to the money was open to him? Or that the duties of the appellant's position embraced the access and possession? Or, in other words, can a court determine from the averments whether the crime imputed is embezzlement or larceny within the rule prescribed in *Vinnedge* v. *State, supra?* The expression employed is an apt illustration of the vice of pleading by recital and indirection in cases like this.

The first count of the indictment is clearly insufficient. Like infirmities exist in each of the other three counts, and for like reasons each is bad. There are other interesting questions arising under the motion for a new trial, particularly upon the instructions, which are not likely to arise in another trial, and which we leave undetermined.

The judgment is reversed, with instructions to sustain the motion to quash each of the four counts of the indictment and for further proceedings.