## DAVIS v. STATE OF INDIANA.

[No. 24,621.   Filed May 19, 1925.]

1. EMBEZZLEMENT.—*If the name of a society whose funds are embezzled imports an association it is not necessary to allege it.*—Where the name of a society which is averred to be the owner of funds alleged to be embezzled, imports a corporation or an association, it is not necessary that there be a statement in the indictment as to which it is.   p. 218.

2. EMBEZZLEMENT.—*Indictment held to sufficiently show official character of accused.*—An indictment which charges embezzlement by the treasurer of a Farm Bureau, and avers that the funds came into his possession "by virtue of being treasurer of" the said Bureau, sufficiently shows that he was treasurer and had possession of the funds by reason of that fact (*Agar v. State,* 176 Ind. 234, distinguished).   pp. 220, 221.

3. INDICTMENT.—*Imperfection in indictment not tending to prejudice defendant, is not fatal.*—An indictment for embezzlement which in charging possession of the funds alleged to be embezzled, omitted the word "had" in a phrase which then read "did then and there receive and take into his possession of which he access to and control of," is not invalid, since it did not tend to prejudice the accused, and is such an imperfection as is contemplated in §2225 Burns 1926, §2063 Burns 1914.   p. 220.

4. EMBEZZLEMENT.—*Description of checks held sufficient.*—In an indictment for embezzlement the description of the funds stolen as checks on named banks, signed by various members of a Farm Bureau and made payable to said bureau for its use, and delivered to accused as treasurer of said bureau, identifies the funds.   p. 221.

5. INDICTMENT.—*Sufficient if it apprises defendant of the charge against him.*—The true test of the sufficiency of an indictment is whether the material averments thereof are stated with such certainty as to apprise the defendant of the nature and cause of the charge against him.   p. 222.

6. EMBEZZLEMENT.—*Absolute title to property embezzled not necessary.*—Under the statute upon which a charge of embezzlement was based (§2470 Burns 1926, §2285 Burns 1914) it is not necessary to allege that the owner of the property alleged to have been embezzled had an absolute title to the property, but it may be qualified, special or constructive.   p. 222.

7. EMBEZZLEMENT.—*Distinction between embezzlement and larceny is the rightfulness of original possession.*—Where defendant is accused of taking money in the form of checks which come into his possession as treasurer of a Farm Bureau clothed

with a special trust, as to the application of such funds, the charge is embezzlement and not larceny. p. 223.

8. VENUE.—*May be proved by inferences from facts and circumstances.*—If sufficient facts and circumstances are proved from which the place of the commission of the crime charged may be inferred, the venue is sufficiently proved. p. 223.

9. CRIMINAL LAW.—*An instruction based upon an imperfect but valid indictment, is good.*—The giving of an instruction based upon the indictment which corrects the omission of a word therein, is not error, where the indictment itself is not vitiated by the omission. p. 224.

10. CRIMINAL LAW.—*Instruction as to quality of ownership of property embezzled, held correct.*—An instruction in embezzlement that if proof showed ownership of the money as bailee it would be sufficient, is not objectionable. p. 224.

11. EMBEZZLEMENT.—*Evidence to prove considered and held sufficient.*—Evidence that accused solicited and secured checks from individuals for a Farm Bureau of which he was treasurer, to be used in financing a large Farmers' Federation, and that he failed to account for a large part of such subscriptions, is sufficient proof of embezzlement. p. 225.

From Jasper Circuit Court; *George A. Williams,* Judge.

Ralph M. Davis was convicted of embezzlement and he appeals. *Affirmed.*

*Hanley & Hanley* and *Abraham Halleck,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GEMMILL, J.—Appellant was convicted of the crime of embezzlement, under §2470 Burns 1926, §2285 Burns 1914 (Acts 1905 p. 584, §392), part of which section is as follows: "Every officer, agent, attorney, clerk, servant or employe of any person, firm, corporation or association, who, having access to, control or possession of, any money, article or thing of value, to the possession of which his employer is entitled, shall, while in such employment, take, purloin, secrete, or in any

way whatever appropriate to his own use, or to the use of others, or who shall knowingly permit any other person to take, purloin, secrete, or in any way appropriate to his own use, or to the use of others, any money, coin, bills, notes, credits, choses in action or other property or article of value belonging to or deposited with or held by such person, firm, corporation or association in whose employment such officer, agent, attorney, clerk, servant or employe may be, shall be deemed guilty of embezzlement," etc.

The indictment, omitting the formal parts, is as follows: "The Grand Jurors of Newton county, in the State of Indiana, good and lawful men duly and legally impanneled charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said county of Newton, in the name and by the authority of the State of Indiana, on their oath present, that one Ralph M. Davis, late of said county, on the 19th day of October, A. D. 1919 at said county of Newton and State aforesaid did, then and there and there receive and take into his possession of which he access to and control of by virtue of being treasurer of the Newton County Farm Bureau, various sums of money, said money being lawful and current money of the United States of America, and checks drawn on the Kent State Bank, Discount and Deposit State Bank, Citizens State Bank, Farmers State Bank, Bank of Brook, Bank of Mt. Ayr, *Firs* National Bank, and *varuois* other banks all within said county, each of said checks being separately signed by various members of said Newton County Farm Bureau and made payable to the said Ralph M. Davis for and in behalf and for the use of the said Newton County Farm Bureau by virtue of his said office, and while acting as said treasurer as aforesaid, did receive the sum of fourteen hundred and fifty two dollars, to which the possession and ownership the

said Newton County Farm Bureau was then and there lawfully entitled, and did during his said tenure of office then and there feloniously and fraudulently take, purloin, secrete and appropriate to his own use the money and checks as aforesaid, by him received, contrary to the form of the statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

The uncontradicted evidence in this cause shows that in the years 1919 and 1920, the Newton County Farm Bureau attempted to secure from its members and non-members the sum of $2,500 for the Indiana Federation of Farmers' Associations, which was trying to raise a guarantee fund of $200,000. That the form of subscription signed by the subscribers to said fund was as follows:

"Subscription for a Guarantee Fund.

.....................County.

"In Consideration that the Directors of the Indiana Federation of Farmers' Associations are raising a Guarantee Fund of $200,000 to secure a permanent organization of farmers for at least three years—to have funds to find out wrongs and correct wrongs—to promote the interests of the farmers, and the welfare of the people generally— I will pay in cash to this fund ..................
DOLLARS.

.................................
                     Name.
Received.................    ....................
          Date                   Post Office
.......................    ....................
     Agent          R. R. No.      County.
Victory Day, September 19, 1919. All will go over the top on or before that day."

The appellant was treasurer of said Newton County Farm Bureau. That the payments of the subscriptions to said fund were made to him. That in one of the books, in which he kept records as treasurer of said

farm bureau, appeared the following entry: "Total amount subscribed and paid to twenty-five hundred dollar guarantee fund. Grant tpw. $417.50, Jefferson tpw. $699.00, Iroquois tpw. $166.00, Washington tpw. $72.50, Jackson tpw. $132.00, Beaver tpw. $61.00, Colfax tpw. $79.50, McClellan tpw. $29.00, Lincoln tpw. $51.00, Lake tpw. $23.00, Newton County Farm Bureau $799.50, total $2,500.00." That on July 2, 1920, appellant, from Morocco, Indiana, wrote a letter to W. T. Cory at Goodland, Indiana, who was secretary of said Newton County Farm Bureau in 1919, in which letter he stated: "The following is a list of the amounts which I sent to the Indiana Federation of Farmers and the dates on which they were sent. Oct. 15, 1919, $1,452.00; Oct. 17, 1919, $261.50; Jan. 4, 1920, $786.50; Guarantee Fund Total, $2,500.00."

That said Indiana Federation of Farmers' Association received from appellant of said sum only $1,048. That there was included in what was so received the sum of $799.50, which the said Newton County Farm Bureau appropriated from its general fund to said fund. That the Newton County Farm Bureau had members, officers and directors.

On appeal, one of the assignments of error is that the court erred in overruling appellant's motion to quash the indictment. The causes set out in the motion to quash are, that the facts stated in the indictment do not constitute a public offense and, that the indictment does not state the offense with sufficient certainty.

Appellant claims that the indictment is insufficient because it is not stated therein whether the Newton County Farm Bureau is a corporation, an association of individuals, a copartnership or some other entity. In the quoted law, upon which the indictment is based, the owner of property subject to embezzlement is described as "any person, firm, corporation or association."

The indictment under consideration does not state that the Newton County Farm Bureau is either a firm, a corporation, or an association. In several states, under statutes defining and punishing embezzlement of the property or money of an individual, corporation or partnership and the like, the courts have decided that the indictment or information must allege that the property or money belonged to an individual, corporation, or partnership, as the case may be.

In Wharton, Criminal Procedure (10th ed.) §592, in speaking of embezzlement, it is said: "But this old rule requiring great particularity in the description of persons under which it is or was necessary to allege the incorporation of the company in order to show right to own property, has been relaxed in many jurisdictions, in which latter jurisdictions it is held that where the name of the company itself imports an association or a corporation, there need be no specific allegation that it is such. This is a modern principle in criminal pleading which is thought to be abundantly supported by the decided cases laying down the rule as to the sufficiency of the pleading of ownership of property in other branches of criminal law."

In this state, an unincorporated lodge or society is an "association" within the statute, so as to make its treasurer liable for the embezzlement of its funds in his hands. *Laycock* v. *State* (1894), 136 Ind. 217, 36 N. E. 137. Section 2219 Burns 1926, §2061 Burns 1914, Acts 1905 p. 584, §190, being one of the rules by which the rules of criminal pleadings are to be determined, is as follows: "When any offense is committed upon or in relation to any property belonging to partners, or to several joint owners, or which, when the offense was committed, was in possession of a bailee or tenant, the indictment or affidavit for such offense shall be

deemed sufficient, if it allege the ownership of such property to be in such partnership by its firm name, or in any one of such partners, owners, bailors or bailees, tenant or tenants, without naming all of them." In *Laycock* v. *State, supra,* the owner of the money alleged to have been embezzled was named as "Hoosier Lodge No. 261, Brotherhood of Railroad Trainmen." A motion to quash the indictment was overruled, but no exception was taken to the ruling thereon and on appeal no question arose on said ruling. A motion in arrest of judgment was overruled. In *Frost* v. *State* (1912), 178 Ind. 305, 99 N. E. 419, the owner was named as "Clay Encampment Independent Order of Odd Fellows, No. 165." In the affidavit, it was not shown whether said name represented a corporation or an association. In ruling on the sufficiency of the affidavit, this court did not mention that matter.

Joyce, Indictments (2d ed.) §459, says: "The general rule as to charging a purely statutory offense is subject to the qualification, declared to be fundamental in the law of procedure, that the accused must be apprised by the indictment, with reasonable certainty of the nature of the accusation against him, so that he may prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same offense."

An averment that the injured party was a firm, corporation or association was not necessary to enable defendant to prepare his defense, and said omission could not in any manner prejudice the substantial rights of the defendant upon the merits of the cause. The name, "Newton County Farm Bureau," imports a corporation or an association. It could be either. And it is not necessary that there be a statement in the indictment as to which it is.

Although appellant claims otherwise, we believe the indictment clearly shows that he was treasurer of the

Newton County Farm Bureau, that he had pos-
2. session and control of the money alleged to have
been embezzled because of being at the time
treasurer of same, and that the checks named in the
indictment, although payable to himself, were not his
property, but were made payable to him for and in
behalf and for the use of the said Newton County Farm
Bureau.

In the indictment, the word "had" is omitted before
the word "access" in the following part of same: "did
then and there receive and take into his posses-
3. sion of which he access to and control of." In
Joyce, Indictments (2d ed.) §239, it is stated that
an indictment is not vitiated by the omission of a word
where the meaning of the clause in which the omission
occurred is not thereby affected, and that it seems to
be the modern view that the omission of the word "did"
is merely a clerical error which does not vitiate an in-
dictment, and in an indictment for misdemeanor the
omission of the word "did" before the words "assault,
beat and maltreat" has been held not to be fatal.    In
§2225 Burns 1926, §2063 Burns 1914, Acts 1905 p. 584,
§192, it is provided that an indictment shall not be
deemed invalid, nor shall the same be set aside or
quashed, nor shall the trial, judgment or other proceed-
ing, be stayed, arrested or in any manner affected for
any defect or imperfection which does not tend to the
prejudice of the substantial rights of the defendant upon
the merits.    It is well settled that minor defects in an
affidavit, of such a nature that the accused has not been
harmed by them, are not cause for reversal.    Bader v.
State (1911), 176 Ind. 268, 94 N. E. 1009.    It is our
opinion that the said defect in the indictment did not
tend to the prejudice of the accused, and the indictment
should not be held invalid on account of said omission.
It is not necessary that the indictment contain a direct .

allegation that the appellant was treasurer of the Newton County Farm Bureau. An indictment which was in the participial form was held sufficient in *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819, which overruled *Axtell* v. *State* (1910), 173 Ind. 711, 91 N. E. 354.

Appellant, in objecting to the sufficiency of the indictment, claims that he should have been informed by it as to the makers of the checks and the amounts thereof in order to defend properly against same. The property alleged to have been embezzled is described in the indictment as follows: "Various sums of money, said money being lawful and current money of the United States of America, and checks drawn on the Kent State Bank, Discount and Deposit State Bank, Citizens State Bank, Farmers State Bank, Bank of Brook, Bank of Mt. Ayr, *Firs* National Bank, and *varuios* other banks, all within said county, each of said checks being separately signed by various members of said Newton County Farm Bureau and made payable to said Ralph M. Davis for and in behalf and for the use of the said Newton County Farm Bureau." The value of said property is later stated. The property alleged to have been embezzled must be described; and the language used should be sufficiently definite to identify the property and show that it was such as may be the subject of embezzlement. 20 C. J. 461. It has been held that property embezzled is sufficiently described as "bonds of the United States of America for the payment of money issued by authority of law," of a stated aggregate value. 9 R. C. L. 1290. In *State* v. *Fraley* (1912), 71 W. Va. 100, 76 S. E. 134, 42 L. R. A. (N. S.) 498, the following description of a check in an indictment was deemed sufficient: "One check of the value of forty-two and 50/100 ($42.50) dollars." Such certainty only is required as the nature and circum-

stances of the case will permit. 22 Cyc 353. The checks in question were payable to the defendant, were drawn on named banks or other banks of Newton county, and were signed by members of the Newton County Farm Bureau, of which he was treasurer. The description of same is sufficient.

The true test of the sufficiency of an indictment is whether the material averments thereof are stated with such certainty as to apprise the defendant of the nature and cause of the charge against him. *Agar* v. *State, supra; Ridge* v. *State* (1923), 192 Ind. 639, 137 N. E. 758. The court did not err in overruling the motion to quash the indictment.

5.

The appellant assigns as error that the court erred in overruling appellant's motion for a new trial. Several causes are stated in same, some of which are not discussed in appellant's brief and are thereby waived. Those which are not waived will be noticed.

It is insisted by appellant that the indictment in this case alleged the right of possession and ownership to certain checks and money to be in the Newton County Farm Bureau, and the proof disclosed the right to possession and ownership to be in the Indiana Federation of Farmers' Association. The evidence shows that the Newton County Farm Bureau undertook to raise from its members and non-members the sum of $2,500 for the Indiana Federation of Farmers' Association, which was raising a guarantee fund of $200,000. Part of said sum was collected in money and checks, and was paid to the appellant as treasurer of said Newton County Farm Bureau and account of same was kept in his records as treasurer, and it was part of the said money and checks so collected that the appellant was accused of embezzling. Under the statute, on which this prosecution was based, it is not necessary to allege that the owner of the property alleged to have been

6.

embezzled had an absolute title to the property. *Waterman* v. *State* (1888), 116 Ind. 51, 53, 18 N. E. 63; *Ridge* v. *State, supra.* The ownership may be laid in one who has a qualified, special or constructive ownership only. 20 C. J. 466. A local lodge has such ownership of the funds collected from its members to be forwarded to the grand lodge as will justify alleging it to be the owner. *State* v. *Knowles* (1904), 185 Mo. 141, 83 S. W. 1083. The objection is not well taken.

Appellant claims that the crime, if any was committed, was larceny and not embezzlement. The distinction between larceny and embezzlement turns on 7. the question whether or not defendant's original possession was rightful before the felonious appropriation took place, and when defendant had rightful possession with the consent of the owner, a taking of the property constitutes embezzlement and not larceny. Ewbank, Indiana Criminal Law §796. We believe that the property described in the indictment came into the possession of appellant as treasurer of the Newton County Farm Bureau. There was a relation of special trust in regard to the property alleged to have been appropriated, and it was by virtue of such trust that the defendant had access to or control of it. The charge of embezzlement was the correct one.

Appellant insists that there was introduced in the trial no evidence sufficient to prove that the offense, if any was committed, was in Newton county. If 8. sufficient facts and circumstances are proved from which the place of the commission of the crime charged may be inferred, the venue of the action will be sufficiently proved. *Williams* v. *State* (1907), 168 Ind. 87, 79 N. E. 1079; *Moore* v. *State* (1913), 179 Ind. 353, 101 N. E. 295. In Underhill, Criminal Evidence (3d ed.) §452, the following statement is made: "Circumstantial evidence [in an embezzlement case] is

usually all that can be obtained to prove the venue because of the customary secrecy of the act of conversion. If it appears that the accused received the property in the county alleged, and that, when it was last seen in his custody, he was in that county, the venue is proved. This prima facie proof of venue may be rebutted by showing that the money was taken to another county and fraudulently converted." No more direct evidence is required for the proof of venue than is required for the proof of any of the other matters required for a conviction, and may be established from inferences from the evidence. *Jackson* v. *State* (1918), 187 Ind. 694, 121 N. E. 114; *Christ* v. *State* (1921), 191 Ind. 56, 151 N. E. 820. The evidence shows that the defendant, during the term he was treasurer of the said farm bureau, resided in Newton county; that the subscriptions to the fund were secured in the various townships of said county, and that when the funds were collected they were sent to the defendant, and that some of the money of the guarantee fund was by appellant, mingled with his own funds and used. The proof of venue was sufficient.

Appellant excepts to instruction No. 8, given by the court on its own motion, and says that the word "had" was by the court inserted before the word "access," thus including in the instruction an allegation not in the indictment. We have held that the indictment was not vitiated because of the omission of said word. No error was committed in giving said instruction.

Exception is taken by appellant to instruction No. 1 given by the court, at the request of the state, which stated that if the proof showed that the money was in the hands of the Newton County Farm Bureau as bailee, such would be sufficient ownership. The ownership may be laid in one who has an

absolute, a qualified, a special or a constructive ownership. In *Edson* v. *State* (1897), 148 Ind. 283, 47 N. E. 625, where defendant was charged with larceny, it was held that a bailee of property may be alleged to be the owner thereof. We find no objection to this instruction.

In appellant's motion for a new trial, two of the causes are that the verdict of the jury is contrary to law and the verdict is not sustained by sufficient evidence. The verdict is sustained by sufficient evidence, as there is proof of all the essential elements of the crime of embezzlement, as charged in the indictment, and same is not contrary to law. There was no error in overruling defendant's motion to direct the jury to return a verdict of not guilty and in overruling his motion for a new trial. Having decided that the facts stated in the indictment constituted a public offense, we hold that there was no error in overruling the motion in arrest of judgment.

No reversible error appearing, the judgment is affirmed.